# GEORGE M. MOORE v. ST. LOUIS TRANSIT COMPANY, Appellant.

**In Banc, March 30, 1910.**

1. **JURY: Impaneled and Cause Continued: No Exceptions.** Where the jury of eighteen men was impaneled at the December term, and the cause continued to a certain day of the February term, a motion of appellant to quash the panel filed on the first day of the February term, came too late. Appellant should have interposed its objections and preserved its exceptions to the action of the court, at the December term, by filing a term bill of exceptions.

2. ———: ———: **Demand for Special Venire: Recital in Motion as Proof.** A recital in the motion to quash the panel of jurors, that, at the first day of the February term, to which, after the jury had been impaneled at the December term, the cause by consent of both parties had been continued, appellant asked for a special *venire*, does not prove itself.

3. **DAMAGES: General Allegations: Proof of Natural Injuries.** All injuries which naturally result from the main or specific injury alleged may be shown without being specifically pleaded; but under general allegations, it must be made to appear that the resulting injuries were the natural result of the injury pleaded. But by natural result is not meant a necessary result, but a usual one reasonably expected to follow from the injuries inflicted and alleged.

4. ———: ———: ———: **Loss of Sexual Desire: Connected With Injury by Proof.** Even though it be admitted that a general allegation of "serious injuries to the back, legs, kidneys and nervous system" is broad enough to include a proof of impotency and a loss of sexual desire, yet it is necessary to show that this specific result was a natural one from the injury received and alleged. Simple proof that since the injury to the back and spinal cord plaintiff has lost all sexual desire, without proof connecting that loss with the other injury, is insufficient; and a verdict with the evidence in that state, though that injury is not mentioned in the instructions, cannot stand in its entirety.

 *Held,* by GRAVES, J., dissenting, that no proof should be received of a physical condition which is not a natural result of the injury inflicted and pleaded, for to do so is to permit

226 Sup—44

plaintiff, without notice to defendant, to recover for something he has not alleged; and the loss of sexual desire is not a natural result of injuries to the nervous system, and admission of proof of it was reversible error.

5. ————: ————: ————: **Excessive Verdict.** The plaintiff testified that since the accident, which caused injury to his back, kidneys, urinary action, and partial paralysis of the lower parts of his body, he had lost sexual desire, but that result was not shown by the physicians to be a natural result from the other injuries; nor were the jury instructed to take it into consideration in assessing his damages. He was fifty-three years old, a laborer, earning from $2 to $2.50 per day, and the verdict was for $10,000. *Held*, that this court can redress the injurious effect of the erroneous testimony by compelling the filing of a *remittitur*, there being no other error in the case, but such *remittitur* should be in such sum that no injustice be done defendant, and hence the verdict, under all the circumstances, is reduced by $5000.

*Held*, by GRAVES, J., dissenting, that the verdict is grossly excessive, and that any verdict so large that the court must reduce it by one-half in order to do justice to defendant shows passion and prejudice on the part of the jury, and the court in such case should remand the cause for a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED CONDITIONALLY.

*G. B. Arnold* for appellant; *Boyle & Priest* and *G. W. Easley* of counsel.

(1) The court erred in overruling appellant's motion to quash the array of jurors filed before the commencement of the trial. Lyons v. Hamilton, 69 Ia. 47; Ashbough v. Edgecomb, 13 Ind. 466; People v. Cage, 48 Cal. 323; 17 A. R. 457; Norvell v. Duval, 50 Mo. 272. (2) The court erred in permitting respondent at the trial to testify to the loss of his sexual passion, and in refusing to strike such testimony from the record, on motion of appellant. Campbell v. Cook, 86 Tex. 630; Fuller v. Mayor, 92 Mich. 197; Railroad

v. Beasley, 9 Tex. Civ. App. 569; Railroad v. Cook, 8 Tex. Civ. App. 376; 1 Joyce on Damages, secs. 13-204. This testimony was clearly inadmissible under the pleadings. There is no specific allegation in the petition that he had suffered such an injury, nor is there any general allegation there rendering such evidence admissible. Such an injury was a special damage, and not being pleaded, evidence is inadmissible to prove it, and no recovery can be had therefor. (3) The verdict of the jury is excessive. Respondent was not totally disabled. He was not even required to use crutches in order to walk, and there are many vocations in which he could earn a livelihood in his present condition, and doubtless is now so doing. Cobb v. Railroad, 149 Mo. 609. That the jury in estimating respondent's damages took into consideration his testimony as to the loss of his sexual powers is conclusively indicated by the amount of this verdict. That testimony must have impressed the jury, as it was admitted over appellant's objection and was again dwelt upon by respondent's counsel.

*S. N. & S. C. Taylor* and *Bert F. Fenn* for respondent.

(1) Attorneys of record may stipulate that eighteen special jurors, summoned and examined upon their voir dire and found acceptable to both parties, may be excused by the court and ordered to return nine days thereafter so that twelve of their number may be selected by the respective parties to try the case, notwithstanding such postponement carries the case over to a succeeding term. Such a stipulation, solemnly entered into in open court by the parties through their attorneys of record, where the court approves, and the jury is excused accordingly, and ordered by the court to return nine days thereafter, is not contrary to any law or custom of procedure that obtains in this State; and where the court holds such stipulation binding upon

the party or his attorney who seeks without cause to evade it, in violation of such solemn agreement, such holding is no abuse of discretion. Especially is this so when a motion to quash the array of jurors, as in the case at bar, states no reason therefor, except "that said order was illegal, void and of no force and effect, for the reasons that the terms of said jurors expired by operation of law with the expiration of the December term of said court." Special juries are not summoned as are ordinary juries for a term of court. They are summoned for the sole purpose of trying a designated case. State v. Jackson, 167 Mo. 291; State v. Albright, 144 Mo. 638; State v. Clark, 121 Mo. 512; State v. Thornton, 108 Mo. 640; State v. Matthews, 98 Mo. 119; Goldsmith v. Candy Co., 85 Mo. App. 595; Fulton Co. v. Amorous, 89 Ga. 614; Bennett v. Iron Co., 34 Pac. 61; Flynn v. State, 72 N. W. 373; Hannurn v. State, 90 Tenn. 647; Miller v. Wilson, 24 Pac. 114; Ellis v. State, 25 Fla. 702; Rosch v. Blackey, 17 S. E. 229; State v. Coffman, 69 Ia. 578; Corbett v. City of Frey, 53 Hun 228; State v. Sackett, 38 N. W. 773; Tubbs v. Embree, 89 Hun 475; Collins v. Young, 23 S. E. 1005; Comm v. Smith, 4 D. R. 136. (2) Disease following an injury of a character adequate to produce it, which cannot be shown to have resulted from another independent cause, must be imputed to the author of the injury. Railroad v. Harris, 122 U. S. 597; Railroad v. Kellogg, 94 U. S. 496; Elevator Co. v. Lippert, 63 Fed. 942; Ehrgott v. New York, 96 N. Y. 264; Harley v. Brewing Co., 13 N. Y. App. Div. 167; Railroad v. Rosewack, 119 Pa. St. 519; Coever v. Kent, 61 Wis. 74; Jucker v. Railroad, 52 Wis. 150; Deli v. Railroad, 51 Wis. 400; Railroad v. Parks, 96 Ind. 346; 2 Shearman & Redfield on Neg. (5 Ed.), sec. 242. (3) The direct consequence of a wrongful act, either expected or unexpected, which follows as a natural result of such wrongful act, has always been the subject of compensation and need not be specially plead-

ed. Gidionsen v. Railroad, 129 Mo. 392; O'Leary v. Rowan, 31 Mo. 119; Lesser v. Railroad, 85 Mo. App. 330; Tyson v. Booth, 100 Mass. 258; Sloan v. Edwards, 61 Md. 90; Delio v. Railroad, 51 Wis. 400; Holmes v. Fond du Lac, 42 Wis. 282; Beath v. Railroad, 78 N. W. 537; Montgomery v. Railroad, 103 Mich. 47; Joliet v. Johnson, 52 N. E. 498; Railroad v. Hecht, 115 Ind. 443; Babcock v. Railroad, 36 Minn. 147; Railroad v. Harris, 122 U. S. 597; Wade v. Seroy, 61 U. S. 34; Ehrgott v. Mayor, 96 N. Y. 264; Railroad v. Ward, 135 Ill. 511; Railroad v. Mitchell, 63 Ga. 173; Kleiner v. Railroad, 36 App. Div. (N. Y.) 191; Jaeger v. Bluefield, 40 W. Va. 484; Tobin v. Fairport, 12 N. Y. S. 224; Curran v. Strange, 98 Wis. 598; Hansee v. Railroad, 21 N. Y. Supp. 230. (4) In view of plaintiff's injuries, tested by other verdicts upheld in this court, the verdict of the jury was moderate. Markey v. Railroad, 185 Mo. 348; Small v. Kansas City, 185 Mo. 291; Scullin v. Railroad, 184 Mo. 695; Newcomb v. Railroad, 182 Mo. 687; Copelin v. Railroad, 175 Mo. 650; Chitty v. Railroad, 166 Mo. 435; Cambron v. Railroad, 165 Mo. 545; Oglesby v. Railroad, 150 Mo. 138; Fullerton v. Fordyce, 144 Mo. 521; Barr v. Kansas City, 121 Mo. 23; Gratiot v. Railroad, 116 Mo. 450; Foster v. Railroad, 115 Mo. 166. (5) (a) "The Supreme Court, or Court of Appeals, shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, materially affecting the merits of the action." R. S. 1899, sec. 865; Berkson v. Railroad, 144 Mo. 211; Gorham v. Railroad, 113 Mo. 408; Harris v. Powell, 56 Mo. App. 24; Goodwin v. Railroad, 53 Mo. App. 9. (b) Where the judgment is manifestly right, the court will not reverse, even if errors were committed by the trial court. Hall v. Goodnight, 138 Mo. 577; Burns v. Liberty, 131 Mo. 372; Fitzgerald v. Barker, 96 Mo. 661; MacLeod v. Skiles, 81 Mo. 595; State ex rel. v. Edwards, 78 Mo. 473; Cartwright v.

Culver, 74 Mo. 179; State ex rel. v. Boeppler, 63 Mo. App. 151. (c) Where upon the whole record it is manifest that the judgment is for the right party, and the right amount, it will not be reversed, though error was committed at the trial. State v. Bancroft, 1 Mo. 163; Crocker v. Mann, 3 Mo. 472; Jackson v. Mc-Gruder, 51 Mo. 55; Railroad v. Armstrong, 92 Mo. 265; Williams v. Mitchell, 112 Mo. 300; State ex rel. v. Jones, 131 Mo. 194; Fell v. Mining Co., 23 Mo App. 216; Bassett v. Glover, 31 Mo. App. 150; Creek v. Waldron, 39 Mo. App. 21; Garesche v. Dean, 40 Mo. 168.

FOX, J.—This cause is now pending in this court upon appeal on the part of the defendant from a judgment, in favor of the plaintiff and against the defendant, for personal injuries, in the circuit court of the city of St. Louis.

This action is one for damages on account of personal injuries claimed to have been received by respondent on the 17th day of May, 1902, in a collision of two street cars being operated by appellant in the city of St. Louis.

The petition of the plaintiff alleges in due form the details of the manner in which the accident occurred, which is followed by appropriate allegations alleging the specific acts of negligence which were the proximate cause of the injury to the plaintiff.

It is apparent from the disclosures of the record that the main controversy in this cause is as to the sufficiency of the allegations in the petition, that is, whether or not the nature and character of the injuries alleged, which were received by plaintiff, are broad enough to warrant the introduction of proof as to the loss of sexual desire on the part of the plaintiff; hence, it is essential that we reproduce, as applicable to that proposition, the allegations of the petition wherein the nature and character of the injuries re-

ceived are set forth. Following the allegations of negligence, the petition continues: "Whereby plaintiff was thrown down, causing serious injuries to his back, legs, kidneys and nervous system, and causing many bruises and contusions upon his body and head, from which injuries plaintiff has suffered great bodily harm and mental anguish, and still suffers such bodily pain and mental anguish, and will continue to suffer such bodily pain and mental anguish for the rest of his life."

The answer of the defendant in this cause was simply a general denial.

The propositions urged by learned counsel before this court do not require an examination of all the testimony developed upon the trial; hence, it can serve no good purpose, at this time, to make a detailed statement of such testimony, but such of the evidence as may be essential to make reference to in the proper solution of the questions presented to us, will be given attention during the course of the opinion.

At the close of the evidence the court instructed the jury and the cause was submitted to them. The jury returned a verdict assessing respondent's damages at ten thousand dollars. Timely motions for new trial and in arrest of judgment were filed, and by the court overruled. Judgment in accordance with the verdict having been entered of record, the defendant in due time and proper form prosecuted its appeal to this court, and the record is now before us for consideration.

## OPINION.

Upon the record before us learned counsel for appellant assign and urge three grounds as a basis for the reversal of this judgment. They may be briefly stated as follows:

First: The court erred in overruling appellant's motion filed before the commencement of the trial, to quash the array of jurors.

Second: The court erred in permitting respondent upon the trial to testify to the loss of sexual passion, and in refusing to strike such testimony from the record on motion of appellant.

Third: The verdict of the jury is excessive.

We will give the complaints of the appellant, in the order named, such attention as in our opinion the importance of the questions presented demand and merit.

## I.

This case was pending for trial at the December term, 1902, of the circuit court of the city of St. Louis. A jury of eighteen was qualified, and then the record discloses that the cause was continued to February 5, 1903, being a day during the February term. The bill of exceptions shows that the continuance was at the request of appellant's counsel on account of sickness, and that by consent of all parties the panel of eighteen jurors was directed by the court to appear in court on February 5th, the day to which the cause was continued. The record proper is silent as to any action of the court or of counsel relative to the jury. No exceptions to the action of the court were preserved by either party at the December term, 1902. On the 5th day of February, 1903, the day on which the taking of testimony was begun, appellant filed a motion to quash the panel of eighteen jurors, for the reasons, as alleged in the motion, that after the trial of said cause had commenced at the December term and the eighteen jurors had been examined and impaneled, the court ordered that the cause be continued to February 5, 1903, and ordered and directed said jurors to attend on that day, which said order, it is averred, was illegal, void and of no force and effect, for the reason that the

terms of said jurors expired by operation of law upon the adjournment of the December term. The prayer embraced in the motion was as follows: "Wherefore defendant says that it is entitled to a *venire* for a special jury as by the statute of the State provided, and as prayed for on the 21st day of February, 1903, and during the first day of said February term."

It is earnestly insisted on the part of the appellant that the statement in the bill of exceptions that both parties to the cause consented for the panel of eighteen jurors, after they had been examined, qualified and impaneled, to return on February 5th, has no place in the record, for the reason that there was no record of such fact made, either on the record proper or by a term bill of exceptions. If this is true and such order was made without the consent of parties, then it is sufficient to say that it was manifestly incumbent upon the party desiring to preserve exceptions to the action of the court, to have done so at the time, and to have taken such steps as would result in preserving such exceptions and making them a part of the record.

In our opinion it follows from the disclosures of the record that appellant's motion to quash the panel came too late. It should have interposed its objections and preserved its exception to the action of the court at the December term by filing a term bill of exceptions. The motion of appellant is based on what is termed a void and illegal order of the court made at the December term. The record is silent as to whether or not any evidence was offered at the February term by appellant to sustain such motion. Doubtless if there had been any evidence offered it would have related entirely to what took place on the day the cause was continued from said December term, 1902, to February 5, 1903. There is an entire absence from the record before us of anything except the prayer of the motion to show that appellant asked for a special jury

at the February term in accordance with the provisions of section 6566, Revised Statutes 1899. Clearly the mere allegation in the prayer of the motion that appellant had prayed for a special jury on the 21st day of February, 1903, and during the first day of said February term, does not prove itself. It should at least have been shown by some satisfactory proof, either by record or other competent evidence, and to avail the appellant of such showing it should have been embraced in the bill of exceptions. The only evidence in the record bearing on the motion shows that the panel of eighteen jurors qualified at the December term, 1902, were ordered, by consent of both parties, to return on February 5, 1903, that being a day during the February term. It is immaterial, so far as this proposition is concerned, whether or not, as contended by appellant, these facts are improperly embraced in the bill of exceptions, for it still remains that the record is absolutely silent as to any evidence tending to establish the allegations alleged in the motion. In our opinion, the action of the court in overruling this motion was manifestly proper. In fact the record before us does not make such disclosures as would warrant us in reviewing the action of the court in overruling this motion.

## II.

It is next insisted that the court committed such error in admitting the testimony of the plaintiff concerning the loss of sexual power as furnishes a basis for the reversal of this judgment and the remanding of the cause. The insistence of the appellant upon this proposition is predicated upon the theory that the allegations of the petition were not broad enough to admit testimony of this character. In other words, that the loss of sexual power or the absence of sexual passion, in order to recover damages for such injuries, should have been specially pleaded.

It is well to restate the allegation in the petition, that is, that "plaintiff was thrown down, causing serious injuries to his back, legs, kidneys and nervous system, and causing many bruises and contusions upon his body and head, from which injuries plaintiff has suffered great bodily pain and mental anguish, and still suffers such bodily pain and mental anguish, and will continue to suffer such bodily pain and mental anguish for the rest of his life." Excepting other allegations as to moneys expended for medical attention and nursing, and of loss of earnings, the injuries as herein indicated were the only statements embraced in the petition. The proposition, therefore, with which we are confronted is, whether or not the allegation in the petition of injury to the back, kidneys and nervous system was broad enough to admit testimony tending to show impairment of the genital organs as a result of injuries to the back and spinal cord.

Many cases are collated and cited from other jurisdictions by learned counsel on both sides of this case. Such authorities seem to be somewhat in conflict; some sustaining the contentions of the plaintiff and others the insistence of the appellant. We take it that the solution of this proposition may be sought and found in the application of the rules of law as announced by the appellate courts of this State.

The distinction between special and general damages has been clearly drawn and defined by a number of the adjudications by this court. After a most careful consideration of all the authorities, we take it that the rule which has more readily met the approval of both the bench and bar is that general damages may be shown under general allegations, and that the results which would naturally flow from the specific injuries alleged may be shown under general allegations. On the other hand elements of damages which did not naturally flow from the injuries which are alleged, must and should be specially pleaded.

In Gurley v. Mo. Pac. Ry. Co., 122 Mo. 141, it was alleged substantially in the petition that plaintiff's leg was wounded and mashed. Evidence was offered upon this allegation that the plaintiff's left arm was palsied as a result of paralysis. It was insisted in that case that evidence of this injury should not go to the jury because it was not specifically alleged as a separate element of damage. Responding to this objection this court, speaking through Judge GANTT, said: "We do not think this objection can be maintained in view of the specific allegation of the mashing and crushing of the leg causing permanent and irreparable bodily injuries, and the testimony of all the physicians that this *paralysis agitans* was the result of the injuries to the nerves of the leg. It was so apparent when the objection was made, that the learned trial judge was compelled to say that he could not exclude the paralysis from the jury because there was a physical profert of it in their presence, and thereupon plaintiff's attorney undertook to show that it was the result of the injury charged in the petition. The evidence was offered and the physicians sustained the offer. Under these circumstances, we think the allegation of the exact character of the wound and the averment of the permanent nature of the injury resulting was sufficient. We know of no rule of law that requires a plaintiff to state every matter that may enhance his damages. [Myers v. St. Louis, 82 Mo. l. c. 378.]"

In Brown v. Hannibal & St. Joe Ry. Co., 99 Mo. 310, the petition alleged that plaintiff "received great and permanent bodily injuries, by which injuries she was confined to her bed for about the space of three months, and is permanently disabled." Judge BLACK in that case, speaking for this court, pointed out that "general damages are such as the law implies or presumes to have occurred from the wrong complained of, and they need not be pleaded. In such cases the wrong itself fixes the right of action. Special damages are

such as really took place, and are not implied by law. They are either superadded to general damages arising from an act injurious in itself, or are such as arise from an act not actionable in itself, but injurious only in its consequences. Special damages must be stated in the petition with a reasonable degree of particularity, and it must appear that the damage is the natural, though not necessary, consequence of the wrong."

The case of Nicholson v. Rogers, 129 Mo. 136, was an action for slanderous words spoken. Damages were asserted in general terms to the "reputation." An instruction given directed the jury to give damages "for the mortification and shame he may have suffered, and the disgrace and dishonor attempted to be cast upon him and all damages done to his reputation." This instruction met the approval of this court on the ground that the wrongs complained of in the petition naturally and necessarily implied that plaintiff suffered mortification and shame and was thereby disgraced and dishonored. Defining general and special damages, the court in that case used this language: "Damages are either special or general. The latter include such as naturally and necessarily result from the act complained of. The former are such as really accrued from the wrong complained of, but are not implied by law from the nature of the wrong itself. Damages that are general need not be specially pleaded; but, in order to recover special damages, the injurious consequences of the wrong must be specially averred and proved."

In Coontz v. Mo. Pac. Ry. Co., 115 Mo. 669, it was ruled that under an allegation that plaintiff "has been permanently disabled from labor," evidence of what his earnings were before the injury was improperly admitted. Discussing this proposition in that case, Judge BURGESS, speaking for this court, said: "Where the damages are directly connected with, and incident

to, the injury, the general allegation that the party suing has been injured by reason of the wrongful act of defendant, stating how injured and when and where it occurred, is all that is necessary in order to permit proof of such injuries, but when special damages are claimed, as for loss of services and medical bills, in order to permit the introduction of evidence in regard thereto, it must be alleged in the petition.''

Manifestly if the case of Gurley v. Railroad Co., supra, is to be followed, then clearly the only general rule as applicable to this subject which can be deduced from that case, is that all injuries which naturally result from the main and specific injury alleged, may be shown without being specially pleaded; but in order to authorize such a showing upon general allegations of injuries, it must be made to appear that the resulting injuries from the main injuries alleged were but the natural result from the wrong and injury complained of in the allegations of the petition. It will be observed in the Gurley case that the allegation of the petition was that the leg of the plaintiff was mashed and crushed, causing permanent and irreparable bodily injuries. There was no allegation in the petition or any intimation that the plaintiff's left arm was palsied as a result of paralysis, yet under the allegations of the petition in that case the testimony as to such left arm being palsied was held admissible. While it is clear in that case under the testimony the injury to the left arm was but a natural result, as shown by the testimony of the physicians, of the injuries alleged in the petition, that of mashing and crushing of the leg of the plaintiff, yet it is equally clear that it was not a necessary result of those injuries, for the leg of the plaintiff may have been crushed and mashed and still the left arm of the plaintiff may not have been palsied; hence, it follows that some of the cases in defining the distinction between general and special damages, state the rule in rather strict terms, that is, by saying that

special damages are such as must necessarily result from the main injuries alleged in the petition. From a main injury specifically alleged and complained of, other injuries may result; but in our opinion the test should not be that such injuries were the necessary result of the main injury; but if it be made to appear that the resulting injuries were of such a nature and character as would be but a natural result of the injuries inflicted and alleged, then in our opinion we have gone to the full extent of the rule.

We mean, by the employment of the terms "natural result," simply a result which would be but a usual one reasonably expected to follow from the injuries inflicted and alleged, as contradistinguished from an unusual or an unexpected result from such injuries.

In the case at bar the allegation of serious injury to plaintiff's back and nervous system would clearly be broad enough to admit evidence of injury to the spinal cord. This would simply be in harmony with a long line of adjudications in this as well as in other States.

In this case plaintiff testified, over the objections of the defendant, that in the collision he was struck in the lumbar region of the back; that he suffered great pain and has continued to suffer such pain since he was hurt; that he had no control of his urinary organs and has had no sexual passion since; that his urine dribbles from him, by reason of which the bed clothes where he sleeps are made wet. By the medical testimony developed upon the trial it was shown that plaintiff was injured in his spinal cord and that as a result the lower part of his body was partly paralyzed and his kidneys and urinary organs affected. Dr. John P. Bryson, a very eminent surgeon and physician of the city of St. Louis, testified that he made an examination of the testicles and of the genitalia, and then made an examination of the prostate gland, with a view

of ascertaining whether the difficulty in urination as experienced by the plaintiff was due to any obstruction in the prostate gland or in the urethra. Then followed this question propounded to Dr. Bryson and his answer to it: "Q. Well, I say from an examination of the sexual organs as you say you made there on that day, you found no relation to this injury? A. None at all." Dr. Bryson, however, further testified that impotency or loss of power in the sexual organs, produced by injury to the spinal column and the nervous system, might exist without there being any physical defect in either the testicles, penis or prostate gland. This evidence which was all relating to the question of loss of sexual power, in our opinion, is not entirely satisfactory. There is an entire absence from this showing that the loss of sexual power on the part of the plaintiff was the natural result of the injuries alleged in the petition. It is nowhere disclosed by the record that inquiry was made of Dr. Bryson, who examined the plaintiff, as to whether or not the loss of sexual power was a natural result of the injury of which the plaintiff complained in the petition. In other words, there is no connection between the plaintiff's testimony, wherein he says that since he was hurt he has had no sexual passion, and the testimony of his expert physician and surgeon that that was but a natural result of the injury of which he complains. While it is true the plaintiff testifies that he has had no sexual passion since he was hurt, we take it that in order to authorize that character of testimony it is essential to show by some witness competent to testify upon that subject that such loss of sexual power was at least a natural result of his injuries.

In our opinion, as applicable to the proposition now under discussion, it was incumbent in the first place upon the part of the plaintiff to show the exact character of the injuries received by him in the col-

lision complained of. Following this it should have been shown that loss of sexual power, sexual passion or impotency followed the infliction of such injuries, and finally it should have been shown by a witness competent to speak upon that subject that the absence of sexual passion and the loss of sexual power was but a natural result of the injuries received by the plaintiff in the collision between the cars. That is what was done in the Gurley case, supra. In that case it was alleged and proven that one of the plaintiff's legs was wounded and mashed; physicians were introduced and testified that plaintiff's left arm afterward became palsied from the shock to his nervous system, and the mashing of his leg, and that such palsied arm was a natural result of such shock and injury to his leg. It was in that case, as heretofore stated, not alleged that palsy in the left arm resulted from the injury, but this court approved the admission of evidence of the palsied arm under the general allegation of a mashed leg and shock to the nervous system. But in the case at bar, as heretofore indicated, the evidence falls short of showing, in the first place, that impotency or loss of sexual passion resulted from any of his injuries, and, in the second place, the evidence fails to show that the impotency or loss of sexual power was a natural result of such injuries. It follows from this, that in view of the failure to make a satisfactory showing that the loss of sexual power resulted from the injuries received and was but the natural result of such injuries, the court should have sustained the motion of the defendant upon the trial to strike out that part of his testimony in reference to that subject.

## III.

This brings us to the consideration of the final insistence of the appellant, that the damages are excessive, and that such excessive damages resulted from

226 Sup—45

the error committed by the court in the admission of the testimony which has heretofore been discussed, and the failure to sustain the motion of the defendant upon the trial to strike such testimony from the record.

Directing our attention to this subject, will say that with the exception of the error noted in paragraph two of this opinion, this case appears to have been carefully and well tried. The correctness and sufficiency of the instructions given in the trial court are not challenged by the appellant in this court. While no question has been raised by the appellant as to the correctness of the instructions, we have, in the consideration of the cause, given them some attention, and find that they fully, correctly and fairly declare the law as applicable to the issues presented in this case.

It is significant that impotency or the loss of sexual passion or power is not mentioned or referred to in any instruction, and the jury are nowhere told, in estimating the damages resulting to plaintiff by reason of the injuries complained of, that they may take into consideration the absence of sexual passion, as testified to by the plaintiff.

We have carefully analyzed and examined the evidence as disclosed by the record in this cause, and in our opinion that plaintiff is entitled to a verdict against defendant for injuries received, is quite clear. The only error committed tends alone to affect the amount of the verdict. Had the trial court excluded the evidence of plaintiff upon the subject of the loss of sexual passion or sustained the motion of the defendant to strike such testimony out, it could have only resulted in a smaller verdict. In view of the disclosures of the record defendant could hope for nothing more. Confronted with this state of the record, we are of the opinion that it is our duty to disregard, or correct here, errors which do not affect the

substantial rights of the parties. The error committed and complained of is substantial only in so far as it affects the amount of compensation defendant should pay, and as we have the power to apply a substantial remedy here, we do not think the case should be remanded. Moreover, as herein indicated, the objectionable testimony as given by the plaintiff was comparatively slight. It does not seem to have been pressed; he simply states that he has had no sexual passion since the accident; and this injury, if he received it, was, as heretofore stated, never referred to in the instructions of the court.

The conclusion we have reached that this cause, under the circumstances, should not be remanded, is not without support. In Magrane v. St. Louis & Suburban Ry. Co., 183 Mo. 119, the injuries complained of in the petition were thus stated: "His left knee cap was then and there seriously and permanently maimed, bruised and injured, and plaintiff was thereby otherwise seriously maimed, bruised and injured about his body and limbs and his nervous system thereby likewise seriously and permanently injured and impaired." Upon the trial of that case the plaintiff introduced, over the objections and exceptions of the defendant, evidence that since the receipt of the injuries he was suffering from insomnia, and that his eyesight was greatly impaired. It will be observed that injuries of that character were not referred to or mentioned in the petition, and this court in the first instance thought that for this error the judgment should be reversed and the cause remanded. Subsequently, upon reconsideration of the question upon motion of respondent for a rehearing, the judgment of this court that the judgment of the circuit court be reversed and the cause remanded for new trial, was set aside and the plaintiff was permitted to remit $2500, which was one-third of the judgment recovered in the circuit court, and it was ordered that, upon the entry of this

*remittitur*, the judgment should be affirmed, otherwise the cause should be remanded for new trial. In that case there was no showing by competent evidence that the insomnia and impairment of the eyesight of plaintiff was the result, either naturally or otherwise, of the injuries alleged in the petition. The erroneous and objectionable features of the testimony in that case, if anything, are more pronounced than in the case at bar; therefore, if the final action of this court in permitting the plaintiff to enter a *remittitur* is to be accepted as a guide, then we can see no good reason why the plaintiff in this case should not have the same right.

Plaintiff, at the time of the trial of this cause in the circuit court, was fifty-three years old. He had been a day laborer, earning from two to two dollars and fifty cents a day. The injuries received were in the lumbar regions of his back; they affected his kidneys, urinary organs and the lower part of his body. They are described by the physicians as being progressive, and in their opinion permanent; however, we are of the opinion that the verdict of the jury assessing his damages at ten thousand dollars was excessive. It is difficult to determine what effect the reference by plaintiff in his testimony of the loss of sexual desire had upon the jury in estimating the damages; therefore, to the end that no injustice be done the defendant, we are inclined to require a substantial *remittitur* in such amount as in our opinion will fully meet the excess in the verdict by reason of any consideration which may have been given to the objectionable testimony by the plaintiff.

It is, therefore, ordered that if within ten days plaintiff will enter a *remittitur* for five thousand dollars, the judgment will be affirmed for five thousand dollars, otherwise the cause will be reversed and remanded for a new trial.

*Valliant, C. J., Burgess, Gantt* and *Lamm, JJ.,* concur; *Graves, J.,* dissents and files dissenting opinion; *Woodson, J.,* not sitting.

## DISSENTING OPINION.

GRAVES, J.—I do not concur in what is said in the opinion of my brother Fox, if I properly grasp the meaning of his language, and I think I do.

The opinion in effect holds that under the scant pleadings in this case proof could be made of the loss of sexual powers. In other words, the opinion holds that under these pleadings the plaintiff could recover for the loss of sexual powers, provided it had been shown by proper evidence that the loss of sexual power was the natural result of the injuries specifically named in the petition. To this I do not assent.

I fully agree to what was said by VALLIANT, J., in paragraph five of the original opinion in the case of Margrane v. Railway, 183 Mo. 1. c. 136-7. The injuries charged in the petition in that case were: "His left knee cap was then and there seriously and permanently maimed, bruised and injured, and plaintiff was thereby otherwise seriously maimed, bruised and injured about his body and limbs and his nervous system thereby likewise seriously and permanently injured and impaired." Under such petition the plaintiff undertook to and did prove insomnia and a defective eyesight. It will be noticed that there is alleged serious injuries to the nervous system, as well as injuries to both body and limbs. We take it that the nervous system is as closely connected with the eyes as it is to the genital organs. After discussing the testimony of that case, Judge VALLIANT finally gets to the petition and the proof which should be made under it. Upon this point, he says: "But even if there had been testimony to that effect, otherwise legitimate, it should not have been received over the objec-

tion of the defendant, because it tended to prove serious injurious consequences of the accident beyond those specified in the petition and which the defendant had no opportunity to answer with evidence to the contrary. The receiving of this evidence in reference to insomnia and diminution of eyesight is the only error affecting the merits of the case that we find in the record, but that we consider serious, and for that reason the judgment is reversed and the cause remanded to be tried again in the light of the law as herein expressed.'' It is true that upon motion for rehearing the court withdrew paragraph five of the opinion and ordered a *remittitur*. In my judgment, this paragraph properly declares the law, and I so stated in the case of Price v. Railway Co., 220 Mo. l. c. 435.

It is a well-known fact that from certain kinds of physical injuries, certain results will thereafter inevitably follow. In other words, that such injuries will naturally produce certain conditions and diseases. In such case an allegation in the petition of the injury inflicted would justify proof of such conditions and diseases as would of necessity follow the injury and as to such conditions and diseases the defendant must come prepared to defend. But, on the other hand there are other physical injuries which may or may not produce resulting conditions or diseases. For instance, an injury to the lung might superinduce pneumonia, but not necessarily so. An injury to the nervous system might produce blindness, but not necessarily so. These conditions or diseases last mentioned may as readily come from other causes as from the physical injury or injuries. In such case the petition should be specific, to the end that the defendant could come prepared to meet the issues and show that the condition or disease was not caused by the physical injury. This he cannot do if the unpleaded conditions

or diseases are sprung upon him for the first time at the trial.

The whole difference between the views expressed in the opinion and those I entertain are wrapped up in the question of pleading. I do not think the rule as to the admission of evidence should go as far as my brother puts it. I am of opinion that if a particular injury is sued for in general terms, and if from that injury certain results, conditions, or diseases will inevitably follow, then proof can be made under the general allegation, because defendant must come prepared to defend against that physical injury and all of its inevitable consequences, conditions and diseases.

But on the other hand, if in general terms, a specific physical injury is pleaded, and such injury may or may not produce certain subsequent conditions or diseases, then in my judgment the petition should aver the resulting conditions or diseases, before proof thereof should be admitted. This to the end that fairness may reign in the trial of causes. This, to the end that defendants may know what they are required to meet before having it sprung upon them during the trial.

Under the rule established by this court (and whether such rule is right or reasonable, we will not now discuss), a motion to make more specific is of no avail, because if the trial court overrule such motion, and the defendant answer over, we have said that the point is waived. It thus appears that in a case where the alleged physical injury might possibly be the superinducing cause of subsequent conditions or diseases, the defendant is absolutely helpless. He is not advised by the petition and thus has no chance to investigate and show that the condition or disease was from another source, and if he moves for specifications and is erroneously overruled in that, he has no remedy here. I am, therefore, of the opinion that no evidence

of whatever character was admissible under his petition upon the question of the loss of sexual powers.

Nor do I agree with the opinion upon another proposition, *i. e.*, the question of *remittitur*. I do agree that the verdict was grossly excessive. Not only so, but that it was so much in excess of what it ought to have been as to indicate passion and prejudice upon the part of the jury. When such is indicated upon the face of the verdict and record, it vitiates the whole verdict and no part thereof should be permitted to stand. In this case, the verdict was for $10,000. In my judgment, whenever a fair-minded court examines the evidence in a case, and upon conscience is forced to say that the verdict is for double the amount that should be recovered, no *remittitur* should be requested, but the cause should be referred back for trial before a jury not inflicted with passion or prejudice. The very fact that the verdict is so grossly excessive as to require that it be cut in twain, in order to satisfy the conscience of the court, is indisputable evidence that the verdict was the result of passion and prejudice upon the part of the jury, and if so, no part of the verdict is good in law, and no part thereof should be affirmed. A verdict superinduced by passion or prejudice is a legal fraud and fraud vitiates the whole and not simply a part.

I am therefore of the opinion that this cause should be unconditionally reversed and remanded.