ANNA SCHMIDT, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, February 6, 1912.**

1. **DAMAGES: Personal Injuries: Special Damages: Pleading.** In an action for personal injuries, plaintiff may recover for such injuries as naturally result from the main injury alleged, although they do not necessarily result therefrom.

2. ————: ————: ————: ————. In an action for personal injuries, under an allegation in the petition that plaintiff had sustained permanent internal injuries, plaintiff was entitled to recover for impairment of health and ability to work directly resulting from the internal injuries shown, since such damages were the natural result of the main injury alleged.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*G. T. Priest* for appellant; *Boyle & Priest* of counsel.

The court erred in giving instruction 3, on behalf of plaintiff and over defendant's objection, because: (a) Said instruction allows a recovery for injuries the evidence shows that plaintiff has sustained, although they were not the result of her fall from the car in question. (b) Because it submits to the jury elements of damages not pleaded in the petition. Muth v. Railroad, 87 Mo. App. 422; Magrane v. Railroad, 183 Mo. 119; Arnold v. City, 110 Mo. 254; Nelson v. Railroad, 113 Mo. App. 659; Moore v. Railroad, 226 Mo. 689.

*S. P. Bond* for respondent.

The petition is broad enough to allow the testimony covering the matters in paragraphs 4 and 5 of respondent's instruction 3. Moore v. Transit Co., 226 Mo. 689.

NORTONI, J.—This is a suit for damages accrued to plantiff on account of personal injuries received through the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

The evidence tends to prove that plaintiff, a passenger, suffered painful and permanent internal injuries, while in the act of alighting from one of defendant's street cars, through the negligence of its agents in prematurely starting the same.

The appeal presents but one question for our consideration. Plaintiff's instruction on the measure of damages told the jury it might take into consideration

and allow compensation on account of: "4th. The impairment of plaintiff's health, if any, in consequence of such injuries and directly caused thereby. 5th. The impairment of plaintff's ability to work or labor, if any, and directly caused by such injuries." There is no allegation in the petition to the effect that plaintiff's health was affected as a result of her injuries, nor is it averred that her ability to work and labor was impaired thereby. There is ample evidence in the record tending to prove that plaintiff's general health was impaired as a direct result of the permanent internal injuries she received and that her ability to work and labor was diminished thereby as well; but it is argued these matters were improperly submitted to the jury for consideration, for the reason they were not within the allegations of the petition; in other words, it is urged that such are special damages which must be specially claimed in the petition in order to warrant a recovery thereon. The petition avers that plaintiff was  . . .  "bruised about her body, her ankle and foot were seriously sprained and wrenched, the tendons and ligaments in her ankle were greatly injured and she was seriously and permanently injured internally; that by her injuries so sustained she has suffered and will suffer great mental pain and bodily anguish."

The argument for a reversal proceeds entirely upon the hypothesis that general damages are in every instance those which necessarily result from the injury. Such is frequently stated to be the rule, as will appear by reference to 8 Am. & Eng. Ency. Law (2 Ed.), 542. If the hypothesis were true, the argument would inhere with much force, but the rule of decision in this jurisdiction is not precisely to that effect. In the recent case of Moore v. St. Louis Transit Co., 226 Mo. 689, 126 S. W. 1013, the Supreme Court repudiated the idea that general damages, or at least damages recoverable under a general allegation,

must in all cases necessarily result from the main injury alleged. The court said a petition containing a general averment of permanent injuries was sufficient to authorize a recovery on that score for results not specially pleaded, if it appeared the results of the injury were of such a nature and character as would be a *natural* result of the main injury inflicted and alleged, though such results of the main injury were not a *necessary* result. In elucidating the thought, the court said that the term "natural result" meant no more than a usual result—one usually expected to follow from the injuries inflicted and alleged as contradistinguished from an unusual or unexpected result from such injuries. [See, also, Brown v. Hannibal & St. J. R. R. Co., 99 Mo. 311, 12 S. W. 655.] In this view, it was entirely proper for the court to receive evidence under the general allegation of permanent internal injury which tended to prove an impairment of plaintiff's general health and the impairment of her ability to work and labor as a direct result of such permanent internal injury. Though an impairment of the general health and ability to work was not specially alleged, they were each proper elements for consideration on the matter of compensation to plaintiff, because even if not necessary results from the injury, they are usual to such injuries and such as should be reasonably expected to follow from permanent internal injuries. As further supporting this view, see, also, Hansee v. Brooklyn, etc., R. R. Co., 73 Hun (N. Y.) 384; Watson on Damages, secs. 466, 467. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.