Dozier v. Dozier.

LEWIS H. DOZIER, Trustee, v. FRANCIS M. DOZIER et al.; LAURA MONROE DOZIER, Appellant.

**Division One, June 20, 1904.**

1. **WILL: Life Estate: Created by Direct Words.** The intention of the testator to create a life estate is best expressed by direct words to that effect, but that intention may be manifested by words which lead to that conclusion though the words "life estate" are nowhere used.

2. ———: ———: **In Personalty.** The testator carved out a life estate in realty for his mother and a life estate in certain stocks for his brother James, with remainder in each case to

his other brothers and sisters and their children, and gave an absolute fee in other real estate and personalty to his brother Lewis, and then by another clause gave the bulk of his estate, which consisted of stocks, to Lewis as trustee, with unlimited powers of sale and reinvestment, and directed the trustee to pay the "dividends declared in favor of and collected on said stock" to certain named beneficiaries, and provided that "at the death of any one of the beneficiaries, his or her descendants shall be entitled to their interest in said shares or their proceeds, or in the property in which said proceeds may in the meantime have been invested, divested of this trust," and that if any of them died without descendants the share of such one should fall into the residuum of his estate and that the residuum should go absolutely to the said beneficiaries. Held, that the will created a life estate in the shares of stock for the benefit of the beneficiaries named, and on the death of one of them his widow had no dower therein. Held, also, that this intention to create a life estate manifested by the clause giving the shares of stock to the trustee for the beneficiaries, to be discharged of the trust at their death, is not altered or modified or made less apparent by the other clauses which in express words gave a life estate to his mother and brother James.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Campbell & Thompson* for appellant.

The court erred in finding that the interest of Adrien DeBow Dozier, under the sixth provision of this will, was merely a life interest. His interest was not a life interest merely, but an absolute interest, which, upon his death, descended to his heirs, and in which, under our statute, his surviving wife, this appellant, was entitled to dower. Small v. Field, 102 Mo. 104; Yocum v. Siler, 160 Mo. 299; Chew v. Keller, 100 Mo. 362; Schmaunz v. Goss, 132 Mass. 141; RoBards v. Brown, 167 Mo. 447; Watson v. Watson, 110 Mo. 164; Briant v. Garrison, 150 Mo. 655; R. S. 1899, sec. 4646; Owen v. Eaton, 56 Mo. App. 572; Schouler on Wills, sec. 567; 2 Jarman on Wills, p. 562.

*Randolph Laughlin* for respondent.

The interest of Adrien DeBow Dozier, under the sixth clause of John T. Dozier's will, in common with the interest of the other beneficiaries of the trust created by said clause, was a life interest merely, which at his death went into the residuum of the estate and passed to the legatees under the seventh clause of the will.

MARSHALL, J.—This is a suit in equity by the trustee under the will of John T. Dozier, deceased, asking the chancellor to construe said will, and to advise him as to his duty as such trustee, with respect to the interest, under the will, of Adrien DeBow Dozier, deceased.

The case made is this:

On June 29, 1888, John T. Dozier died testate. His will is as follows:

"The last will and testament of John T. Dozier, of the city of St. Louis, witnesseth:

"For the disposition of such property as I may own at the time of my death, I, John T. Dozier, do make and publish, as and for my last will and testament, the following:

"First. My debts are to be first paid, including my funeral expenses, and the costs of administration.

"Second. To my mother, Mary A. Dozier, I devise the property situated on the north side of School street, in the city of St. Louis, known as the Rucker Place, to be held and enjoyed by her for and during the remainder of her natural life, and at her death said property to pass in fee simple, under the seventh provision of this will, to the persons therein named or their descendants.

"Third. To my brother, Lewis D. Dozier, I bequeath thirty shares of the capital stock held by me of the capital stock of the Dozier-Weyl Cracker Company,

to be held by him in trust, however, for the sole use and benefit of my brother, James H. Dozier, for and during his natural life, to whom he shall pay the dividends declared in favor of and paid on said stock from time to time, with full power in said Lewis D. or his successor in this trust, to sell said shares at his direction, and the proceeds thereof to reinvest in other property, and again to sell and reinvest without limit, and at the death of said James H. I direct that said shares, or the proceeds thereof, or if sold and the proceeds reinvested, that such investment, pass as directed and provided by the seventh provision of this will to the persons therein named or their descendants.

"Fourth. To my brother, Lewis D. Dozier, I devise the following real estate, viz: The undivided one-half interest which I own in the lot of ground, of which he owns the other half, situated on the south side of School street, in the city of St. Louis, containing forty feet in front and known as the Woodridge lot. I also give and bequeath to him the following personal property, viz: All the capital stock held by me, or to which I have any right or claim, in Goelitz Brothers' Candy Company. All my interest in the horses and other live stock, carriages and other articles, harness and robes, by him and me jointly owned. Also all the interest and right which I may have in the furniture, fixtures, pictures and other household effects at the homestead, No. 3128 School street, in said city; also my gold watch and chain and diamond stud.

"Fifth. To Benj. A. Dozier, Adrien Dozier, James H. Dozier, Helen Dozier, Rowena Schaeffer and J. W. Stone, I give and bequeath respectively all the notes and obligations held by me against them, and direct all such claims and all due me from them or from either of them on open account to stand released and fully discharged. And to my sisters, Rowena Mason and Elvira H. Stone, I give, respectively, the amount still due or coming due to me from my father's estate,

amounting to about the sum of six hundred dollars, from the two, and direct that they stand discharged from the obligation to make good to me that amount found coming to me on final settlement of said estate in the probate court of said city.

"Sixth. To my brother, Lewis D. Dozier, I give and bequeath all the shares of the capital stock held by me in the Dozier-Weyl Cracker Company, except those bequeathed by the third provision of this will, to be held by him in trust, however, for the sole and separate use and benefit of the persons named in the seventh provision of this will and in the proportions therein provided, to whom he shall pay the dividends declared in favor of and collected on said shares according to their respective interests, from time to time, with full power in said trustee to sell said shares of stock at his proper discretion and the proceeds thereof to reinvest in other property, and again to sell and reinvest without limit. And at the death of any one of the beneficiaries, his or her descendants shall be entitled to their interest in said shares or their proceeds, or in the property in which said proceeds may in the meantime have been reinvested, divested of this trust.

"Seventh. After the foregoing devises and bequests have been fully satisfied, I give, devise and bequeath, all the rest and residue of my estate, real, personal and mixed, as follows:

"One equal part to my brother, Francis M. Dozier; one equal part to my brother, Lewis D. Dozier; one equal part to my sister, Elvira H. Stone; one equal part to my sister Rowena Mason; one equal part to my sister Margaret Adeline Dozier; one equal part to the children of my brother for whom I make special provision in the third clause of this will, named Adrien DeBow Dozier and Daisy Dozier; and one equal part to the children of my deceased sister, Priscilla Ellen Schaeffer Lynn, named Rowena Schaeffer, Mattie Willis, born Mattie Lynn, and Lewis Lynn, and it is my intention

to have the persons herein named to share in the trust property referred to in the preceding provision of this will in the same proportions in which they take under this provision.

"Eighth.   I name by brother, Lewis D. Dozier, to be the sole executor of this, my last will and testament, and request that letters testamentary be granted to him without bond.

"Made at the city of St. Louis on the twenty-eighth day of January, A. D. 1885.

"JOHN T. DOZIER.        (Seal.)"

Lewis D. Dozier qualified as executor and finally administered upon said estate, and has ever since been acting as trustee under said will.   As such trustee he has changed the character of some of the trust property, principally by selling the stock of the Dozier-Weyl Cracker Company, and reinvesting the proceeds in the bonds of the American Biscuit and Manufacturing Company, and the stock of the National Cracker Company, all of which was done with the consent of all the beneficiaries, living at the time.

Heretofore, on June 2, 1893, Margaret Adeline Dozier, one of the beneficiaries named in the seventh clause of the will, died, testate.   By her will she attempted to dispose of her share of the property.   The trustee, Lewis D. Dozier, being in doubt under the will as to her power to dispose of such interest, and as to his duty in making distribution of the profits and dividends arising from the trust fund, instituted a suit in equity asking the court to construe the will and to advise him as to his duty.   He made all the defendants in this suit parties to that suit, except Jascal W. Stone, Laura Monroe Dozier and John Dozier Crittenden.   The appellant herein, Laura Monroe Dozier, was at that time the wife of Adrien DeBow Dozier.   Her husband was then living, and she was made a party defendant herein, because she claims dower in the interest that her

husband had in the property by virtue of the seventh clause of the will.

The particular point involved in that action was whether the persons named in the seventh clause of the will took a fee simple or only a life estate in the property. The chancellor, Hon. Leroy B. Valliant, construed the will to mean that they took only a life estate and at their death, their share passed to their descendants, discharged of the trust, and that the term "descendants" meant, children, grandchildren, etc., in a straight line. Hence the chancellor advised that as Margaret Adeline Dozier took only a life estate and as she died without such descendants, her share passed to the other persons named in the seventh clause of the will, and that she had no power to dispose of it by her last will. All the parties to that suit acquiesced in that judgment, and Adrien DeBow Dozier and Daisy Dozier, received their proportionate part of the share of Margaret Adeline Dozier, under that interpretation of the will.

Thereafter, on the sixteenth of November, 1893, said Adrien DeBow Dozier died intestate and without issue, leaving his widow, Laura Monroe Dozier, and as his next of kin his sister, Daisy Dozier Collins.

The trustee seems to have proceeded in the administration of the trust estate according to the said advice of the court, until this controversy arose. Now, Laura Monroe Dozier, the widow of Adrien DeBow Dozier, claims that she is entitled to dower in the share that her said husband had in the trust property, and Daisy Dozier Collins claims that she is entitled, by survivorship, to the interest that her brother had in the trust property. The other heirs claim that both claims are untenable. The trustee, not knowing what to do, and being desirous of not having to pay the profits and dividends twice, or of turning over the share of Adrien DeBow Dozier to the wrong persons, instituted this suit, again asking the advice of the chan-

cellor. The case was tried and the chancellor, Hon. Warwick Hough, construed the will in the same manner that the former chancellor, Valliant, J., had done, and held that as Adrien DeBow Dozier had only a life estate, his widow was not entitled to dower in said trust property, and further held that Daisy Dozier Collins was not entitled to the share of Adrien DeBow Dozier, by survivorship. Daisy Dozier Collins acquiesced in that judgment and took no appeal. So that question is no longer in the case. The widow, Laura Monroe Dozier, appealed from the decision of the chancellor, and as the trust estate is worth some two hundred thousand dollars, principally in personal property, and as she claims one twenty-eighth part thereof, it brings the amount in dispute within the appellate jurisdiction of this Court.

## I.

The sole question arising upon this record is, did the beneficiaries named in the seventh clause of the will take a fee-simple or only a life estate in the trust property. For unless Adrien DeBow Dozier, or the trustee to his use, became seized of an estate of inheritance, in the property, his widow, the appellant, is not entitled to dower, under section 2933, Revised Statutes 1899. If Adrien DeBow Dozier took only a life estate in the property, of course, his widow would not be entitled to dower.

The contention of the widow is that her husband took a fee simple. The gravamen of her argument is that in the second and third clauses of the will the testator carved out particular estates, and expressly declared them to be life estates and that at the termination thereof the property embraced therein should fall into the residuum of the estate and pass under the seventh clause of his will. Whereas under the sixth clause he carved out an estate which he declared should be for the sole and separate use and benefit of certain

persons, named in the seventh clause, and vested the
title in a trustee with power in him to sell and reinvest
without limit, and then provided that "at the death of
any one of the beneficiaries his or her descendants shall
be entitled to their interest in said share or their pro-
ceeds, or in the property in which such proceeds may
in the meantime have been reinvested, divested of this
trust," and that by the seventh clause of the will the
residuum of the estate was devised to the persons
therein named, the testator saying: "It is my intention
to have the persons herein named to share in the trust
property referred to in the preceding provision of this
will in the same proportions in which they will take
under this provision." And, therefore, the appellant
says, that whenever the testator intended to create a
lesser estate than a fee simple, he did so in express
words, and that as he did not so expressly declare in the
sixth clause of the will as to the estates therein created,
the court must construe those estates to be fee-simple
estates, and that the meaning of the portion of the sixth
clause quoted, that upon the death of any beneficiary
named, his descendants took his share divested of the
trust, is that the provision was intended as designating
a time when the trust should cease and not as defining
the character of the estate therein created.

The case is thus stated as strongly in favor of the
appellant's theory as it can be stated, and if all the de-
vises were otherwise similar in words and effect, the
appellant's argument would amount almost to a demon-
stration. But while it is true, as claimed, that clauses
two and three expressly limit the estates of the de-
visees therein named to the life of the devisees, and
direct that the "fee" as it is designated in clause two,
and the "property," "proceeds" or "investment" as
it is called in clause three, shall pass after the termina-
tion of the life estate, to the persons named in the
seventh clause of the will, these are not the only differ-

ences that are disclosed by the face of the will between the devises under clauses two and three and those under the other clauses of the will.

It is now the settled law in this State that wills must be read from their four corners, and the intention of the testator must be ascertained from a consideration of the whole instrument. The intention to create a life estate is, of course, best expressed by direct words to that effect, but that intention may be manifested by words which lead to that conclusion, but which nowhere use the term "life estate." It is the duty of the court to put itself as far as practicable in the place of the testator, and to read the will in the lights that appeared to him. [Cross v. Hoch, 149 Mo. 325; Sehr v. Lindemann, 153 Mo. 276; Simmons v. Cabanne, 177 Mo. 336.]

An analysis of the will shows the scheme of the testator to be this: The persons who appealed to his bounty were, his mother, his brother James H. Dozier, his brother Louis D. Dozier, his brother Francis M. Dozier, his sister Elvira H. Stone, his sister Rowena Mason, his sister Margaret Adeline Dozier, his nephew Adrien De Bow Dozier, and his niece Daisy Dozier, and the children of his deceased sister Priscilla Ellen Schaeffer Lynn.

It is apparent that he did not intend to put them all upon an equal footing, nor did he repose equal confidence in them all in respect to their ability to manage what he devised them. Therefore he made the following provisions for them: He gave to his mother direct the property on the north side of School street, known as the Rucker Place, but he limited her estate to a life estate, and limited the fee to his brothers and sisters or their children. Here the devise was realty and he was content to let her manage it during her life. Then he made provision for his brother James H. Dozier. But he was unwilling that he should manage it, possibly because it was personalty and might be wasted. So he gave thirty shares of his stock in the Dozier-Weyl

Cracker Company to his brother Lewis D. Dozier in trust for the sole use and benefit of his brother James H. Dozier, and directed the trustee to pay the dividends thereon to James H. for life, and after his death he directed the investment to go to the other brothers and sisters, or their children, including therein by name the children of his said brother James. Then he gave to his brother Lewis D. Dozier his undivided half interest in a lot of ground on School street; all the stock he had in Goelitz Candy Company; all his horses, live stock, carriages, harness, robes; all the furniture, fixtures, pictures and household effects at his homestead; and also his watch and chain and diamond stud. Then he forgave certain of his relatives all they owed, whether represented by notes or open accounts. Then he gave to his brother Lewis D. Dozier all his stock in the Dozier-Weyl Cracker Company, except the thirty shares which he had set apart to provide for his brother James, to be by him held in trust for the sole and separate use and benefit of his other brothers and sisters and their children, and ordered the trustee to pay the dividends declared and collected upon such stock to said beneficiaries, giving the trustee power to sell the stock and change the investment without limit, and providing that upon the death of any of the beneficiaries his or her share should go to their descendants, discharged of the trust. Then he directed that the residuum of his estate should be divided into seven parts, one part of which each he gave to his brothers and sisters or to their children, directing, however, that they should share in the trust property described in the sixth clause of the will in the same proportion that they did under the seventh clause; that is, one seventh part each.

It is apparent that the testator did not give the control and management of the several devises to the several devisees themselves, but that he seemed to have confidence only that his mother and his brother Lewis

would take care of what he gave them. To his mother he gave a life estate in one piece of realty. To his brother Lewis he gave certain other real estate and personal property, including household goods and his jewelry, absolutely and without limitation. He provided for his brother James by setting aside thirty shares of stock to be held by a trustee and only the dividends to be paid to James during his life. He provided for his other brothers and sisters by putting all the balance of his stock in the Dozier-Weyl Cracker Company in the hands of a trustee for their benefit, and directing that the trustee should pay over to them the dividends collected on the stock, and gave the trustee power to sell the stock and reinvest the proceeds, and then directed that at the death of any beneficiary his or her descendants should take their share, divested of the trust.

Then he directed that the residuum of his estate, real, personal and mixed (which, so far as appears by the will, consisted of the remainder in the lot in which his mother was given a life estate and the thirty shares of stock which he set aside as a means of supporting his brother James during his life), should be divided into seven equal parts and be given absolutely to his other brothers and sisters and their children.

It appears that the bulk of his estate consisted of stock in the Dozier-Weyl Cracker Company, and that the trustee has sold that and reinvested the proceeds in other stocks and bonds of the value of about two hundred thousand dollars.

Thus while express life estates are carved out of the lot of real estate for his mother and of the thirty shares for his brother James, with remainder in fee to his other brothers and sisters and their children, and while an absolute fee is given to his brother Lewis in other real estate and personalty, the bulk of his estate is placed in the hands of a trustee, with unlimited powers of sale and reinvestment, and the trustee is directed to pay the "dividends declared in favor of and

collected on said shares'' to the several beneficiaries and when one dies to give his share to his descendants discharged of the trust. The intention of the testator is as clearly ascertainable from the provisions of the sixth clause as they are from any of the other clauses of the will. The second and third clauses create a life estate by express terms. The sixth clause creates a life estate in the beneficiaries by words equally as clear and plain. For the first takers are given a right to the dividends only after they are collected, and when any beneficiary dies his share shall go to the descendants discharged of the trust, and the seventh clause says the share of each beneficiary under the sixth clause shall be one-seventh.

To hold that the beneficiary took a fee, as claimed by appellant, it would be necessary to strike out of clause six the provision that upon the death of any beneficiary his share should go to his descendant divested of the trust. For such a construction would make that provision absolutely meaningless.

The conclusion is irresistible that under clause six the first takers took only a life estate, or, more correctly expressed, a right to the dividends collected during their lives, in the stock or its reinvestments, and that at the death of any beneficiary, the proportionate part of the stock represented by the interest in the dividends which the first taker was entitled to, passed to his or her descendants, meaning children or grandchildren in the direct line, absolutely discharged of the trust, and if there were no such descendants living at the death of any beneficiary, such proportion of such stock would fall into the residuum of the estate and pass absolutely under the seventh clause of the will to the testator's brothers and sisters and their children, in equal proportions as therein provided.

This construction of clause six is made clear by the provisions of clause seven, wherein the residuum of the estate is given directly, absolutely and immediately to the same persons to whom clause six only gives a

life estate or right to the dividends collected during their lives. This difference in making provision is full of meaning. It can only mean that the testator was willing to risk the management of the small residuum of the estate to his brothers and sisters, for if it was lost it would not amount to so much, and he was unwilling to let them have the control, management or absolute ownership of the bulk of his estate, for fear of the consequences to them and their children. The case at bar involves the devolution of the property covered by the sixth clause of the will.

Adrien DeBow Dozier was entitled to receive during his life from Lewis D. Dozier, the trustee, one-seventh of the dividends collected on the stock described in the sixth clause of the will. When he died without descendants, this one-seventh of such stock fell into the residuum of the estate and must be administered as therein provided for. In as much as Adrien DeBow Dozier was not seized of an estate of inheritance in the stock during his life, his widow is not entitled to dower therein. The judgment of the circuit court is right and it is affirmed.

All concur.