JAMES B. COMBS, Respondent, v. THE CITY OF KIRKSVILLE, Appellant.

Kansas City Court of Appeals, December 7, 1908.

MUNICIPAL CORPORATIONS: Defective Sidewalk: Contributory Negligence: Jury Question: Excessive Verdict. A traveler need not leave the sidewalk and go into the street unless the danger is so great that a person of ordinary prudence would have changed his course; and where reasonable men can fairly differ, the question of contributory negligence goes to the jury; and the verdict mentioned in the opinion is held not excessive.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*H. F. Millan* and *Weatherly & Fausek* for appellant.

(1) The court erred in refusing defendant's demurrer to the evidence at the close of plaintiff's case, and in refusing defendant's demurrer at the close of all of the evidence. We think that the case is clearly covered by Wheat v. St. Louis, 179 Mo. 572; Morrison v. Construction Co., 44 Wis. 405; Hays v. Railroad, 97 N. Y. 259. (2) A person having knowledge of a defect in a street must use reasonable care to avoid it, and that care must increase in proportion to his knowledge of the risk. Wheat v. St. Louis, 179 Mo. 572; Cohn v. Kansas City, 108 Mo. 392; Marshall v. Belle Plain (Iowa), 76 N. W. 797; Iron v. Saginaw (Mich.), 79 N. W. 572; Beach on Contributory Neg., sec. 250; Reedy v. Brewing Assn., 161 Mo. 537. The fact that plaintiff fell is no evidence defendant was negligent. Carvin v. St. Louis, 151 Mo. 334. The burden is on plaintiff to show due care. Swanson v. Sedalia, 89 Mo. App. 121; Penette v. Kansas City, 162 Mo. 238; Kaiser v. St. Louis, 185 Mo. 366; Rosenthal v. St. Louis, 190 Mo. 213.

*Higbee & Mills, George E. McDowell* and *Campbell & Ellison* for respondent.

(1) The court did not err in refusing defendant's demurrer to the evidence at the close of all the evidence. The defense of contributory negligence rested upon the defendant and was properly submitted to the jury by appropriate instructions. There was no evidence tending to prove that plaintiff was not in the exercise of ordinary care when he slipped and fell and sustained his injuries. Heberling v. Warrensburg, 204 Mo. 617; Lattimore v. Power Co., 128 Mo. App. 37; Swanson v. Sedalia, 89 Mo. App. 127; Chilton v. St. Joseph, 143 Mo. 202; Beauvais v. St. Louis, 169 Mo. 503; Loeweer v. Sedalia, 77 Mo. 445; Parrette v. Kansas City, 162 Mo. 251.

(2.)   From the evidence of Tyler Paine and Mayor Craig, the city council had long been familiar with its condition.  It was a defective walk and so unskillfully constructed as to increase the danger to pedestrians when covered with snow and ice, and defendant was liable for injuries resulting therefrom with or without notice to the city.  Heether v. Huntsville, 121 Mo. App. 495; 5 Thompson on Negligence, sec. 5994.

BROADDUS, P. J.—The plaintiff's suit is to recover damages for an injury alleged to have been the result of the defendant's negligence in the faulty construction and maintenance of one of its sidewalks.

Jefferson street in said city runs east and west and intersects Marion street running north and south.  The city, in improving Jefferson street which was sixty feet wide, paved only twenty-four feet with the center six inches higher than the outer edges of the pavement. There was a space on each side of the paved street of twelve feet between the pavement and sidewalks and the sidewalks were each six feet wide.  At the intersection of Marion street, the curb makes a quarter-circle to the south and north lines of Jefferson street.  Persons passing along Jefferson street, in order to cross Marion street, would have to pass over two of these curbs. When the paving was completed, it left the sidewalk on the south side of Jefferson street about eleven inches lower than the top of the curb.  On the same side of the latter street at the intersection of Marion street and west of the west curb, dirt had been placed, making a gradual incline from the top of the curb down to the sidewalk.  The evidence differs as to the length of the slope, but it is agreed that it was from three to six feet, and that the fall in the whole distance was eleven and one-fourth inches.

The plaintiff lived in the eastern part of the town and his usual route in going and coming was over this

intersection, and he was familiar with its condition. On the afternoon of the 20th of December, 1906, he had passed over the place mentioned, but later, between six and seven o'clock in the evening, he had occasion to pass over it again. On the latter occasion, he slipped and fell on the incline mentioned and was injured thereby.

As to the manner in which he was injured his own evidence must be depended upon solely. He stated that, "It was not really dark and not really light. It was dark twilight;" that he knew when he came to the place and that he raised his foot high enough to go over the curbing. When his foot struck the incline he slipped and fell. There had been snow and rain previously, which had frozen, but had thawed during the day and again become frozen during the evening. The walk, with the exception of the snow, had remained in the same condition for two months before plaintiff's injury. The plaintiff recovered a judgment for $2,500 from which defendant appealed.

The defendant offered a demurrer to the plaintiff's case on the close of his testimony and one upon the close of all the testimony. It is of the action of the court in refusing these demurrers that defendant principally complains.

In Wheat v. St. Louis, 179 Mo. 572, it is said, "The negligence charged in the petition is that the city constructed and maintained a manhole to a sewer in the street, which projected three feet above the level of the street, and which was about six feet in circumference, and had earth piled around the manhole, which was nine feet and six inches at the base and sloped towards the top, which is alleged was a dangerous obstruction." Held, as to some one traveling in the night time when he could not see the obstruction, if he should run against it and be injured, the city would be liable. "But the city is not liable to a driver of a milk wagon who had for a year daily passed the manhole, knew all about it, could see it, and by the exercise of ordinary care could have

avoided it and the consequent injury to himself." This case is much relied on by defendant to establish the theory that plaintiff was not entitled to recover. But there is a material difference. The driver of the wagon on the street could by the exercise of any care whatever have avoided the obstruction. It was not necessary for him to have driven his wagon against it. In this case, the defective sidewalk was directly on plaintiff's route. It is true, he could have gone onto the street outside of the sidewalk and thus avoided the danger. But he was not required to do so unless the danger was so great that a person of ordinary prudence would, in the exercise of ordinary care, have changed his course· [Heberling v. Warrensburg, 204 Mo. 604.] In such cases, the degree of care is commensurate with the danger which is tantamount to ordinary care. "It is only in a case concerning which reasonable men cannot fairly differ, that the court may declare a plaintiff guilty of contributory negligence as a matter of law." [Kennedy v. Railroad, 190 Mo. 424.] The plaintiff had often previously passed over this walk without injury and he might reasonably have anticipated he might again do so. It is true, the danger had been increased by snow and ice, of which he had notice, yet it was still a question fairly to be left to the jury whether, under the circumstances, he was in the exercise of ordinary care in attempting to pass over the place of danger.

Instructions one, two and three, given for plaintiff, are criticised by defendant, but we think without just cause. And we think the judgment, under the evidence, was not excessive. Finding no error in the case, the same is affirmed. All concur.