IVY COOLEY, Respondent, v. KANSAS CITY ELEVATED RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. **DAMAGES: General and Special: Evidence.** Where the only question at the trial is as to what caused plaintiff's injuries and their extent at the time of the trial, the admission of evidence of a single miscarriage taking place after the accident is not error where it is shown to be a natural result of the injuries alleged and one that may usually and reasonably be expected to follow from the nature, character and extent of the injuries alleged. Following Moore v. Transit Co., 226 Mo. 689.

2. ———: ———: ———. Ordinarily general damages are such as the law will imply; while special damages are the natural, though not the necessary consequences of the wrongful act charged. In many cases, general damages are such as are the natural and necessary consequences of the act and injuries pleaded. But in some cases the rule limiting general damages to those which are "necessary" is too strict.

3. ———: ———: ———. The reason underlying the rule allowing general damages to be pleaded under general allegations, but requiring special damages to be specially pleaded is so that the defendant may have notice of what he is called upon to defend against.

4. **NEGLIGENCE: Appointment of Physician.** Where the court appoints a physician to examine the plaintiff and he does so and testifies, it is not error to exclude evidence that the plaintiff, or either party for that matter, agreed to his appointment. Something more than the party's mere acquiescence in his appointment must be shown to be material as affecting the witness' credibility.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*John H. Lucas,* and *Chas. N. Sadler* for appellant.

(1) The court erred in admitting testimony of miscarriage, and in admitting testimony of inability

to sleep, because such evidence broadens the issues made by the pleadings. Thompson v. Railroad, 111 Mo. App. 465; Price v. Railroad, 220 Mo. 435; Moore v. Transit Co., 226 Mo. 689; Margrane v. Railroad, 183 Mo. 119; Arrata v. Railroad, 150 S. W. 1122; Conway v. Railroad, 143 S. W. 516. (2) The court erred in giving instruction No. 1, asked by plaintiff. (a) It is not limited to the issues made by the pleadings. Detrich v. Railroad, 143 Mo. App. 176; Beave v. Transit Co., 212 Mo. 331; Conway v. Railroad, 143 S. W. 516; Roscoe v. Railroad, 202 Mo. 576; Thomas v. Bobb, 45 Mo. 384; Crole v. Thomas, 17 Mo. 329; Klamp v. Rodenwalt, 19 Mo. 449. (b) It assumes disputed facts. Brown v. Railroad, 80 Mo. 459; Wilkerson v. Thompson, 82 Mo. 327; Moffiatt v. Conkling, 35 Mo. 695; Klein v. Transit Co., 117 Mo. App. 691. (c) It is misleading, confusing, argumentative and repugnant on its face. Gessner v. Railroad, 132 Mo. App. 584; Wood v. Steamboat Fleetwood, 19 Mo. 532; Frank v. Railroad, 57 Mo. App. 186; see also authorities under point 1.

*Fyke & Snider* and *Anderson & Robinett* for respondent.

TRIMBLE, J.—Plaintiff, while a passenger on a street car, received injuries caused by a collision of her car with another. Suit was brought against the Metropolitan Street Railway Company and the Kansas City Elevated Railway Company, but during the trial plaintiff dismissed as to the former.

The contest was not over defendant's liability, but over the questions as to what injuries plaintiff received in the collision and whether it caused her condition at the time of the trial.

The petition alleged that as a result of the collision she was "bruised, maimed, sprained, lacerated and wounded; that both of her lower limbs, feet and

ankles were sprained, wrenched and bruised; her back was wrenched; that said fall caused internal injuries; that she suffered therefrom retroversion and falling of the womb, that said injuries have caused internal hemorrhages and laceration of the abdominal walls and displacement of the pelvic organs.''

Defendant's most serious complaint is that the court, over defendant's objection, admitted evidence showing that after the injury plaintiff became pregnant and suffered a miscarriage, which took place about eight or nine months after the collision. Defendant contends that, as the miscarriage was not pleaded, the evidence in regard thereto should have been excluded; that to admit it is to allow proof of special damages when the petition pleads general damages only.

The question of its admissibility is one of some difficulty which is increased by reason of the fact that many cases do not state the reason for admitting or excluding the proffered evidence, but rest its admissibility or inadmissibility simply on whether or not it tends to prove general damages or special damages; and then, in distinguishing between these damages say that general damages are such as are the natural and necessary result of the act pleaded while special damages are those which are the natural, though not the necessary, result thereof. This may define them correctly in the light of the facts of the particular case in which such definitions are used. But these definitions may not furnish an accurate or safe rule from which to determine the admissibility of evidence in another case where the facts are different. For instance, these cases, as stated, frequently define the difference between general damages and special damages in such way as to lead one to suppose that the admissibility of the evidence depends on whether the results it tends to show are, or are not, the ''necessary'' consequence of the wrongful act pleaded. That

is to say, if the results which the offered evidence tends to show are the "natural *and* necessary" consequences of the act pleaded, then they are general damages and the evidence is admissible under a general pleading; but if such results are the natural, but *not* necessary, consequences of the wrong pleaded, then they are special damages and the evidence is not admissible. [Thompson v. Railroad, 111 Mo. App. 465.] It would seem that the above is a safe and excellent rule to follow in order to determine whether certain evidence is admissible under a pleading of general damages. That is, if the results are the natural *and* necessary consequences of the wrong pleaded, then the evidence is admissible; but if they are the natural, but *not* necessary, consequences of such wrong, then evidence thereof is not admissible. This would work no hardship on the plaintiff since he can either plead them, or at the trial, amend his petition so as to include any "natural but not necessary" results—i. e., special damages—and thus give the defendant notice of what he is called upon to meet.

If that is the rule we are to follow, it would seem that in the case at bar we are required to reason thus: Many wombs are displaced that do not suffer miscarriages. Such a result cannot occur unless there comes into existence the after occurring fact of pregnancy. Hence the miscarriage was a *natural* but *not* a *necessary* consequence of the injuries pleaded. Hence, according to the test, the miscarriage in this case, not having been pleaded, should not have been admitted in evidence because it was a natural but not a necessary result of the injury. And many cases appear to justify the use of this test. [ Brown v. Railroad, 99 Mo. 310, l. c. 318; Nicholson v. Rogers, 129 Mo. 136, l. c. 140; Lesser v. Railway, 85 Mo. App. 326, l. c. 331; Mellor v. Railroad, 105 Mo. 455, l. c. 464; Coontz v. Railroad, 115 Mo. 669, l. c. 674.] As said before, such a test is correct when applied to the facts in the case which

thus make use of it. But is it entirely accurate to apply it to other cases where the facts are dissimilar? Or is it safe to follow a definition which, however correct it may be when used with reference to the facts in that particular case, may not be broad enough to apply to other facts?

In the case of Gurley v. Railroad, 122 Mo. 141, the injury pleaded was a crushed leg causing permanent and irreparable bodily injuries, and evidence showing a paralyzed arm was held admissible. This may have been a *natural* result of the injury alleged, but certainly it was not a *necessary* result thereof.

And in the recent case of Moore v. Transit Co., 226 Mo. 689, the Supreme Court, in the majority opinion, say that this rule, limiting the damages provable under a general allegation to those which are the *necessary* result of the main injuries alleged, is *too strict* (l. c. 702-3). In this case the Supreme Court say that all injuries which naturally result from the main or specific injury alleged may be shown without being specifically pleaded, and that such natural result does not have to be a necessary result but only a usual one reasonably expected to follow from the injuries inflicted and alleged (l. c. 703). In the petition there was a general allegation of "serious injuries to the back, legs, kidneys and nervous system," and the court held that, under it, evidence could be offered of impotence and loss of sexual desire. The loss of sexual desire was a *natural* but certainly not a *necessary* result of the injuries pleaded in that case. And it would seem that this would have made it inadmissible as being special damages as this is the definition frequently given of such damages. [Roberts v. Graham, 6 Wall. 578; 8 Am. & Eng. Ency. of Law 540; Thompson v. Railroad, 111 Mo. App. 465, l. c. 476; 5 Ency. of Pl. & Pr. 720.]

So that if the Gurley and the Moore cases are to be followed as the doctrine now laid down by the

Supreme Court, it will not do to say that simply because the miscarriage testified to in this case is not a necessary result of the injuries alleged, therefore evidence of it is inadmissible.

But the test as set up by these two cases is that, if the miscarriage can be connected with the injury pleaded by other evidence showing it was a natural consequence of such injury, and is a usual one, not a necessary or inevitable one, but one that could reasonably be expected to follow from the injuries inflicted and alleged, then the evidence thereof is admissible. In such case the miscarriage is a general damage and can be proved without being specifically pleaded. The reason underlying the rule that special damages cannot be proved under general allegations is that the defendant must have notice of what he is called upon to meet. And if the two cases above mentioned, the Gurley and Moore cases, can be reconciled with the others, it is because the court thought the evidence offered and admitted was within the scope of that which the defendant might reasonably expect from the nature, character and extent of the injury alleged. In other words, the correct test for determining the admissibility of the evidence is not whether the damages sought to be shown thereby are the natural and necessary results of the injury pleaded, but are they such as the defendant may reasonably take notice of and expect from the general allegations in the petition? This may be what is really meant when it is said that "General damages are such as the law will imply or presume to have occurred from the wrong complained of, and need not be pleaded." [Brown v. Railway, 99 Mo. 381; 2 Sutherland on Damages, sec. 418; 8 Am. and Eng. Ency. of Law (2 Ed.), p. 542.]

Was the miscarriage in this case a natural result of the injuries alleged and such a one as the defendant might reasonably expect to follow from the nature, character and extent of the injuries alleged? It was

shown to be a natural result by the testimony of the physician who said a displaced, retroverted and fallen womb was one of the most common causes of miscarriages and would cause a miscarriage "nine times out of ten." Which testimony also shows that miscarriage is the usual result and one reasonably expected to follow *if pregnancy exists or arises*. Plaintiff was a healthy vigorous married woman at the time of the collision. When it is alleged that the womb is thus injured and all the pelvic organs displaced, is not this notice to defendant that if pregnancy occurs, after the injury and during the displacement of the organ, miscarriage will occur? Surely, if an allegation of injury to the back and spinal cord will give defendant notice of loss of sexual desire sufficient to admit evidence thereof, as in the Moore case, then evidence of a single miscarriage, occurring while the effects of the injuries are still in existence, could be reasonably apprehended or expected by the defendant under an allegation that the back was wrenched and she was internally injured, the womb retroverted and injured, and all the pelvic organs displaced. Personally the writer agrees with the views of GRAVES, J., expressed in his dissenting opinion in the case of Moore, supra, l. c. 709, 710 and 711. But the majority of the Supreme Court hold otherwise and it is our duty to follow their ruling. It may be well to state that in this case the evidence objected was not offered in an attempt to show a *diseased bodily condition* or that the womb had been rendered forever incapable of bearing children. The evidence went merely to the *extent* of the injury, showing but one single miscarriage resulting directly from the womb and pelvic injuries alleged. Hence it does not come under the head of *conditions,* and *diseases* resulting from bodily injuries, as distinguished from bodily injuries as noted in Price v. Metropolitan Street Ry. Co., 220 Mo. 435, l. c. 466. But if it does, the Supreme Court has refused to follow this

distinction in the Moore case, supra, and also in the *per curiam* opinion rendered in the case of Margrave v. Railway, 183 Mo. 137, wherein it withdraws paragraph V of the original opinion of Judge VALLIANT which reversed and remanded the case because evidence of the disease of insomnia and impaired eyesight was admitted under a general allegation which did not plead these (1. c. 138).

As stated in the opening part of this opinion the contract was not over the question of liability but over the *extent* of plaintiff's injuries and whether the collision caused her *condition at the time of the trial.* If the miscarriage was a direct result of the collision and of the injuries sustained, then it would enter into and form a part of such injuries and the physical pain and suffering endured, all having their cause or rise in the collision. And it was in describing her present physical condition that plaintiff's evidence as to the miscarriage came out.

According to disinterested testimony plaintiff's injuries were severe and painful and said to be permanent. The jury awarded $1000 which is not excessive, and we do not feel authorized to reduce it as was done in the Moore case by the Supreme Court.

The objection that the court refused to allow defendant to show that Dr. Porter was appointed by the court to examine the plaintiff is without merit. Plaintiff's attorney admitted that the doctor was appointed by the court. Defendant's offer was an attempt to show that plaintiff agreed to Dr. Porter, not that the court appointed him. If he was appointed by the court it would seem to be immaterial whether the parties agreed to the selection or not. There would have to be something more shown than mere acquiescence in his appointment to be material as affecting the weight to be given his testimony. Affirmed. All concur.