## SARAH E. FOGG, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, February 15, 1915.

1. **PERSONAL INJURIES: Municipal Corporations: Sidewalk: Rough Places.** Plaintiff attempted to walk over a sidewalk, in a city, which was covered with snow and ice which had thawed and frozen a number of times and, from use by pedestrians, had developed into an uneven surface with rough places two or three inches above the level. She fell and was injured. It was *held,* she could hold the city liable in damages.

2. ——: **Instruction.** It was proper to refuse an instruction for a defendant city in a suit for falling on rough ice on one of its sidewalks, which omitted the hypothesis of the rough and uneven places in the walk.

3. ——: **Personal Injury: Evidence: Miscarriage.** A petition alleged injury to a female plaintiff's nervous system, back and genital organs. It was *held* (it being shown that a miscarriage was a natural result from such injury) that it was proper to admit evidence of such miscarriage.

Appeal Jackson Circuit Court—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*A. F. Evans* and *F. M. Hayward* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. Because, although there were

mounds of ice in the sidewalk, according to plaintiff's testimony, there is no evidence that plaintiff fell on such mounds or ridges. Tobin v. Waterloo, 131 Ia. 75, 107 N. W. 1031. (2) Even if it be conceded that the plaintiff stepped on rough ice and fell, she cannot recover, for she was perfectly acquainted with the dangerous condition of the walk and exercised no care at all in attempting to walk over it. Wheat v. St. Louis, 179 Mo. 572; Erie v. Magill, 101 Pa. St. 616; Durkin v. Tracy, 61 Barb. (N. Y.) 437; Craine v. Met., 246 Mo. 393, l. c. 406. (3) The court erred in refusing instruction "D" of defendant, which told the jury that an elevation of an inch in thickness did not render ice an obstruction to travel. Evans v. Concordia, 74 Kan. 70, 85, P. 813; Hatch v. Elmira, 142 App. Div. (N. Y.) 174; Henkes v. Minneapolis, 42 Minn. 532, 44 N. W. 1026; Hyer v. Janesville, 101 Wis. 371; Harrington v. Buffalo, 121 N. Y. 147; Kelley v. St. Joseph, 156 S. W. 804; Vonkey v. St. Louis, 219 Mo. 37. (4) The court erred in admitting evidence that plaintiff had two miscarriages after the accident following two pregnancies after the accident, because the petition did not allege such miscarriages as injuries sustained by plaintiff, and such proof was prejudicial to defendant. 5 Am. & Eng. Enc. of Pl. and Pr. 750; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669; Arnold v. Maryville, 110 Mo. App. 254; Pain v. Met St. Ry. Co., 170 Mo. App. 574.

*Atwood & Hill* and *W. E. Pepperell* for respondent.

(1) The court correctly overruled defendant's demurrer to the evidence. Defendant was guilty of negligence which caused plaintiff's injury. Reno v. City of St. Joseph, 169 Mo. 642; Quinlan v. Kansas City, 104 Mo. App. 616; Barker v. Jefferson City, 155 Mo. App. 390; Canterbury v. Kansas City, 49 Mo. App. 520; Quarles v. Kansas City, 149 Mo. App. 45. (2)

Plaintiff was guilty of no contributory negligence in attempting to pass over this icy sidewalk, and she used due care while so doing. Combs v. Kirksville, 134 Mo. App. 645, 649; Canterbury, Kansas City, 149 Mo. App. 520. (3) The court properly refused defendant's instruction "D." The point was fully covered by defendant's Instructions "A" and "B." Stricklen v. Printing Co., 249 Mo. 614, 620; Benton v. St. Louis, 248 Mo. 98, 112; Dolding v. St. Charles, 166 Mo. App. 403. (4) Defendant's instruction "D" invaded the province of the jury and assumed facts not in evidence. Dutcher v. Railroad, 241 Mo. 137, 174. (5) The evidence of a miscarriage was properly admitted because it was shown to be a natural and probable result of injuries to plaintiff's genital organs and to her nervous, system as alleged in her petition. Cooley v. Railroad, 170 Mo. App. 42, 47; Moore v. Transit Co., 226 Mo. 689, 703; Gurley v. Railway, 122 Mo. 141; Peterie v. Metropolitan St. Ry Co., 177 Mo. App. 359; Foster v. United Railways Co., 167 S. W. 643, 644.

ELLISON, P. J.—Plaintiff's action is for personal injury received from a fall on one of defendant's sidewalks. She recovered judgment in the trial court.

There was evidence tending to show that one of defendant's sidewalks descended slightly towards the parkway and that it was covered with ice which had been formed from repeated snows and thawings. That it had thereby been made rough and uneven by the tramping of pedestrians. These rough places were from two to three inches higher than the level and, as expressed by a witness, "some were a little higher." It was described by another as "in mounds."

It was between one and two o'clock in the afternoon when plaintiff attempted to pass along the walk, and, of course, she saw its condition. But the evidence tended to show that it was in such condition that a reasonable person might conclude that it could be passed

over in safety by the use of ordinary care. This state of evidence made a case for the jury under repeated rulings in ice cases in this State. [Reno v. City of St. Joseph, 169 Mo. 642; Barker v. Jefferson City, 155 Mo. App. 390; Combs v. Kirksville, 134 Mo. App. 645; Canterbury v. Kansas City, 149 Mo. App. 520.]

Complaint is made of the court's action in refusing instruction "D," wherein the jury were told that if they believed "the snow and ice had been for the most part cleaned from the walks so that there was only a little skimming of ice and snow, not exceeding an inch in thickness, it was not the duty of the city to remove it" etc. This was properly refused. It omits to submit the hypothesis of the ice being rounded up into rough or uneven surfaces. All that is proper in it was fully covered by instructions A and B, given at defendant's instance, in which the limit to the duty of the city with respect to ice on its sidewalks and what would not be an obstruction is fully submitted.

Plaintiff was permitted to prove that she had two miscarriages on account of her injury. Defendant objected that the petition did not warrant such proof. The petition contained the following allegations of injury; that her back and hips were strained and wrenched; her head and neck wrenched; that her genital organs were injured; that the nerves of her head, back, body and legs were injured. This we think was sufficient basis for evidence of a miscarriage. There was evidence tending to show that such misfortune was a natural and probable result of the injury to her genital organs and her nervous system. We think the evidence was properly admitted. [Moore v. Transit Co. 226 Mo. 689, 703; Gurley v. Ry. Co., 122 Mo. 141; Cooley v. Railroad, 170 Mo. App. 42, 47; Peterie v. Railroad, 177 Mo. App. 359.]

We think the record does not show any error and hence affirm the judgment. All concur.