JOHN E. FANNING, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant.

Springfield Court of Appeals, June 5, 1920.

1. **MASTER AND SERVANT:** Negligence in Directing Inexperienced Servant to Operate Drill, Held Question For Jury. In an action by an inexperienced workman, injured while using a drill operated by compressed air, negligence in directing him to use it *held*, under the evidence, a question for the jury.

2. **TRIAL:** Instruction Held Equivalent to Declaration That Master is Negligent as a Matter of Law. In an action by railroad employee injured by using a drill operated by compressed air, an instruction that if the employee was directed to use the machine, that he was known to be inexperienced, and was unaware of the

danger, that he was informed by the foreman that he could oper-ate the drill with safety, and that while exercising reasonable care for his own safety, the servant was injured, verdict should be for him, was tantamount to a charge that the master was negligent as a matter of law.

3. **NEGLIGENCE: When Case For Jury:** It is only where the facts are such that all reasonable men must draw the same conclusion that the question of negligence is for the court.

Appeal from Circuit Court of Greene County.—*Hon. Orin Patterson*, Judge.

REVERSED AND REMANDED.

(1) On all the evidence the court should have given the peremptory instruction requested by defendant directing the jury to find for defendant, because the evidence shows that plaintiff, who was 37 years of age, was informed of whatever danger there was incident to the operation of the motor (and on this matter needed no warning from his employer) and also shows that plaintiff was familiar with the method of operating the machine and needed no instruction from his employer as to the way to operate the motor. The only thing that plaintiff lacked was experience and skill in operating the motor, and this he could only get by practice and could not get from either warnings or instructions given him by his employer. Therefore, it follows that any failure to warn him of the danger, which he already knew, and to instruct him in the method of operating the motor, which he also already knew, was not the proximate cause of his injury, and therefore the proof failed to make out for him the case alleged in his petition, and the demurrer should have been given. Deeds v. Railway, 157 Mo. pp. 463, l. c. 467; 26 Cyc, pp. 1169, 1171, 1175 and 1176; Stegman v. Gerber, 146 Mo. App. 104; Bulson v. International Shoe Co., 191 Mo. App. 128; Mueller v. Shoe Co., 109 Mo. App. 512, 517; Hirsch v. Bread Co., 150 Mo. App. 162; Batesell v. Am. Z. L. & S. Co., 190 Mo. App. 242; 3 Labatt, Master & Servant (2

Ed.), secs. 1141, 1143, and 1153; 3 Labatt, Master & Servant (2 Ed.), pp. 2566 and 2567; McDermott v Railway, 43 Pac. 248; Yeager v. Railway, 61 N. W. 216; Buckley v. Gutta Percha Mfg. Co., 41 N. E. 717; Truntle v. Woolen Mills, 58 N. W. 832; Wilson v. Cotton Mills, 47 N. E. 506; Groth v. Thomann, 86 N. W. 178; Chicago, etc., Ry. v. Pettigrew, 82 Ill. App. 33; Ciriack v. Wollen Co., 15 N. E. 579; Cunningham v. Bath Iron Works, 43 Atl. 106. (2) Because plaintiff's own evidence discloses that he knew the danger connected with the operation of the machine and knew the proper method of operating the machine, and therefore the evidence would not justify such an instruction. Hof. v. Transit Co., 213 Mo. 468; Stegman v. Gerber, 146 Mo. App. 104; Jackson v. Elevator Co., 209 Mo. 506; Trigg v. Lumber Co., 187 Mo. 234; Doerr v. Brewing Assn., 176 Mo. 556; Goransson v. Mfg. Co., 186 Mo. 307, Cooney v. Pryor, 203 S. W. 630.

*Alfred Page* for respondeant.

We contend that the testimony of plaintiff, he being the only witness on the point of liability or non-liability, made a case for the jury, and that since the jury found his testimony to be true, it is binding on this court. Baird v. Citizen's Railway Co., 146 Mo. 281; Thornsberry v. Railway Co., 178 S. W. 197; Crowl v. Linseed Co., 255 Mo. 305; Schlavick v. Shoe Co., 157 Mo. App. 83; Batesell v. Smelting Co., 190 Mo. App. 231; Deeds v. Railroad, 157 Mo. App. 465; Cunningham v. Railroad, 178 S. W. 197, not officially reported; Bulson v. Shoe Co., 191 Mo. App. 133.

FARRINGTON, J.—The plaintiff instituted suit and recovered a judgment against defendant for the sum of $150, on account of personal injuries sustained by him while working as an employee of the defendant in the yards known as the new shops in the city of Springfield, Missouri. He was injured while operating a drill used for the purpose of boring holes in steel

beams, and the power operating the machine known as the drill was compressed air. Plaintiff was the only witness used in the case. Briefly, the facts show that he was a man 37 years of age, and that he had worked some around the yards for defendant, had observed several times thes edrills while being operated by by other employees of the company. He was then put on as a helper with a drill man and assisted him in drilling holes for part of two days. At no time, however, prior to the time of his injury was he ever given the management or operation of the drill; that is, the man under whom he was working turned on and off the power and actually operated the machine, the plaintiff gaining only such information as he could by helping and observing. The power is turned on in operating this machine by turning a handle, described in the record as similar to the handle on a motorcycle. If turned one way the power goes on, and if turned the other it goes off. It appears that in running this machine at times the drill will get caught, and when that takes place, unless the power is properly handled, the machine will begin to jump and is likely to get away from the operator and injure him. On the day plaintiff started out by himself with this machine, he was told to go and drill some holes under a car. He protested to the man under whom he had been working and also the foreman, stating that he did not understand how to operate the machine and did not want to do it, but was told by one of his superiors having charge of the work that he would never learn how to operate it any younger than he was and to go ahead, that he could make it all right. He drilled one hole and was drilling on his second hole when something got wrong with the drill, it hung, and he did something in turning on or off the power that made it jump, knocking him down and injuring him.

When the plaintiff's evidence was in, the defendant demurred and stood on the demurrer. We think that there was a sufficient case to go to a jury on the question of defendant's negligence. The evidence clearly

showed that plaintiff was an employee of the defendant; that he was directed to use this air motor; that the operation of such an instrument was dangerous in the hands of an inexperienced workman; that the defendant's foreman knew of this danger and that plaintiff was inexperienced. That plaintiff was aware that the machine was dangerous, but he was not practiced, experienced or skilled in handling it when in its operation it became hung and began to jump. The evidence further shows that he was assured by his foreman that he could operate it safely, and that he was injured while operating it. There was sufficient evidence from which it could be inferred that it was the lack of his knowledge and experience in handling the machine that caused it to injure him. In our opinion it, therefore, becomes a question of fact for a jury to say whether, under all these facts and circumstances, a reasonable and prudent master would have put this machine in the hands of this man to operate under these conditions.

In the briefs of counsel, they both speak of the handling of an automobile illustrating their arguments as to plaintiff's experience and knowledge and notice of danger. We believe it would at least be a debatable question of due care in the owner of an automobile taking out for several days one who had never operated such a vehicle and permitting him to observe how the machine was handled, controlled and run, then without the owner of the machine ever having had such person take hold of the wheel and handled the brake, the clutch, spark and the gas under his observation, suggestion and control, to lace the machine in his hands without any of this experience and tell him that he could safely run it by himself. It would seem that due care would require that he give the prospective operator some opportunity to personally run the car under his observation, so that in the ordinary running of the same when there was something to be done to start or stop the car he could be there to advise the prospective operator what to do. So with the drilling machine by which the plain-

tiff was hurt. He had observed how some one else op erated it but he had never had the personal experience of knowing how much air to turn off, or what to do when the drill hung and the machine became unmanageable and dangerous.

We think that it was clearly a case for the jury to say whether this defendant acted within reasonable care in placing this machine, which did become dangerous if the drill hung, in the hands of this man who had never had the actual experience of operating and controlling it, with no one there to suggest and direct, and by the very presence give some confidence to the operator in his new undertaking. The court correctly overruled the demurrer to the evidence.

Objection is made to plaintiff's principal instruction, which was given by the court, which instruction is as follows:

"You are further instructed that if you find and believe from the evidence in this case that at and prior to the 26th day of September, 1918, plaintiff was employed as a workman by the agents and employees of the said William G. McAdoo in charge of and operating the plant of the St. Louis-San Francisco Railway Company known as the new shops, and that plaintiff was by direction of his employer working on freight cars in the process of construction and repair, and shall further find that on said 26th day of September, 1918, he was directed by the foreman of his employer to use a machine known as an air motor, and if you further find that said machine was dangerous when used and operated by an inexperienced workman and that this was known to plaintiff's foreman who directed him to operate said machine, and shall further find that plaintiff was inexperienced in the operation of said machine, and that this inexperience was known to his foreman, and if you further find that plaintiff was unaware of the danger attending the operation of said machine, and shall further find that plaintiff was informed by his foreman that he, the plaintiff, could operate said ma-

chine with safety, and shall further find that while plaintiff was operating said machine and while exercising reasonable care for his own safety on account of his inexperience in the operation of said machine, he lost control thereof, and shall further find that on account of the great force of the compressed air by which said machine was operated, said machine was caused to be thrown with great force and violence against and upon plaintiff, and that plaintiff was thereby injured, then you will find the issue in favor of the plaintiff.''

Appellant raises the point, and we think it is well taken, that this instruction does not leave it for the jury to say whether the defendant's conduct with reference to this plaintiff was that of a reasonably prudent and careful master. The instruction tells the jury that if they find the facts therein detailed, and about which there was no dispute in evidence, then they will find for the plaintiff. This is as much as saying to the jury if you find these undisputed facts, then you will find the defendant is guilty of negligence and the plaintiff must recover. There are some cases where the acts of a master are so negligent that a court can and should declare his conduct as negligence *per se* but ordinarily some inference of negligence is to be drawn by the trier of the facts. This statement of law is so well established that we will not burden this opinion with authorities declaring it.

We do not believe that we can say, as a matter of law, the defendant was guilty of negligence in this case under the conceded facts or under the facts which the jury evidently found to be true. The necessary element, however, which must be found before the plaintiff can recover in this suit against the defendant is that the conduct, or the doing of the things which they found defendant did, was not the conduct of a reasonable and prudent master. It is only where the facts are such that all reasonable men must draw the same conclusion that the question of negligence is for the court. [Combs v. Kirksville, 134 Mo. App. 645, 11b S. W. 1153; Schwyhart

v. Barrett, 145 Mo. App. 332, 130 S. W. 388; Darks v. Grocer Co., 146 Mo. App. 246, 130 S. W. 430; Osborn v. Nelson, 141 Mo. App. 428, 126 S. W. 178.]

On a retrial, the instruction should also require a finding that it was the negligence, if they find such conduct of defendant was negligent, that caused plaintiff's injury.

The judgment is reversed and the cause remanded. *Sturgis, P. J.,* and *Bradley, J.,* concur.