JOSEPH S. FOSTER, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Apellant.

### St. Louis Court of Appeals, June 2, 1914.

1. **INSTRUCTIONS: Clerical Error.** In an action for personal injuries, where the only dispute was concerning the manner in which plaintiff was injured, and the witnesses for both sides testified that the accident occurred at a certain corner, the fact that the instruction given for plaintiff erroneously hypothesized the facts as though the injury occurred at another corner, several blocks distant, could not have misled the jury, and hence was not reversible error, under Sec. 2082, R. S. 1909.

2. **APPELLATE PRACTICE: Harmless Error: Defective Instruction.** Under Sec. 2082, R. S. 1909, a mistake or defect in an instruction, in order to constitute reversible error, must be such as to require the appellate court to believe that it affected the substantial rights of the complaining party.

3. **STREET RAILWAYS: Injury to Passenger: Instructions: Assumption of Facts.** In an action for personal injuries sustained from a premature start of a street car, *held* that an instruction given for plaintiff was not erroneous as assuming that defendant's servant started the car while plaintiff was in the act of boarding it.

4. **DAMAGES: Personal Injuries: Pleading: Special Damages.** A swelling being a natural result of a laceration, evidence, in an action for personal injuries, that plaintiff's knee was swollen at the time of the trial was admissible under an allegation

in the petition that his knee was lacerated as a result of being dragged; it being permissible for one to recover from the effects of an injury, under a general allegation, if such condition is a natural result of the injury pleaded, even though it is not a necessary result.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

(1) The court erred in giving to the jury plaintiff's instruction number 1, because said instruction submits the fact of the car stopping and plaintiff attempting to board it at Twenty-first street and Chouteau avenue, when there is no evidence of such fact. Holden v. Railroad, 177 Mo. 469; McKoen v. Railroad, 42 Mo. 84. (2) The court erred in giving plaintiff's instruction number 2, for the reason that in the words in said instruction "and if the jury believe from the evidence that the plaintiff would not have fallen to the street and been injured, if defendant's agents and servants in charge of said car had exercised ordinary care in starting said car forward and running said car," it is assumed as a fact that defendant's servants started the car forward, while plaintiff was in the act of boarding the car. This was a controverted fact in the case. Compton v. Johnson, 19 Mo. App. 88, 93; Kupferschmid v. Southern Electric Ry., 70 Mo. App. 438; James v. Railroad, 107 Mo. 480. (3) The court erred in permitting plaintiff to testify to injuries not pleaded, which appear in the record. Moore v. Transit Co., 226 Mo. 689.

*Joseph A. Wright* for respondent.

It is manifest that no error or defect exists in this record affecting in anywise the substantial rights of appellant, and the judgment should therefore be affirmed. R. S. 1909, Secs. 1850 and 2082; Wilson v.

United Railways Company, 169 Mo. App. 405; Shinn v. United Railways Company, 248 Mo. 173.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is a common carrier of passengers and as such operates numerous lines of street cars in St. Louis. Plaintiff received his injuries while attempting to board one of defendant's cars on the Manchester line, in that, according to the evidence in his behalf, the car was prematurely started by those in charge of it, while he was in the very act of boarding it, at the corner of Clark avenue and Twenty-first street—that is, the usual stopping place. The evidence tends to prove that plaintiff, together with some four or five other persons, stood awaiting the approach of the car on the corner of Clark avenue and Twenty-first street and that the car stopped there to receive them as passengers. Plaintiff carried a parcel under his arm, and it is said he, therefore, waited until the others first boarded the car. Thereupon, he laid hold of. the handrail and stepped down upon the car in the act of taking passage, and simultaneously therewith the conductor caused it to start forward. It is said the sudden movement of the car thus precipitated plaintiff into the street and he was dragged along beside the car for some distance. The injuries received appear to be serious and permanent.

On the part of defendant, the evidence tends to prove that the car did not stop at all, but passed the corner where plaintiff attempted to board it, at the rate of some three or four miles per hour. The witnesses for defendant say that plaintiff was not standing at the usual stopping place, but rather ran after the car as it passed the corner of Clark avenue and Twenty-first street, and caught hold of the handrail in at-

tempting to board it. In thus attempting to board a moving car, he was precipitated from his feet and dragged along in the street beside the car until he finally yielded to unconsciousness and loosed his grip upon the handrail.

There is no controversy in the case touching the fact that plaintiff was injured while attempting to board the car, though, according to the evidence of defendant, he grabbed hold of and was dragged by it while moving. Neither is there a controversy in the case as to the fact that plaintiff received his injuries at the corner of Clark avenue and Twenty-first street. The first argument advanced for a reversal of the judgment relates to the fact that plaintiff's instruction submitted the case to the jury as though he received his injuries at the corner of Chouteau and Twenty-first street. No other criticism is leveled against this instruction, and it appears to submit the true issue in the case to the jury well enough. The petition avers that plaintiff received his injuries while attempting to board defendant's street car at the corner of Clark avenue and Twenty-first street, and all of the evidence reveals this to be true. In view of the fact the case seems to have been otherwise carefully tried, it is passing strange to note the evident mistake in plaintiff's principal instruction which submitted the case to the jury as though he attempted to board the car and received his injuries at the corner of Chouteau avenue and Twenty-first street. Obviously such is the result of a mistake in drafting the instruction; but the question is: Does such mistake in the instruction entail reversible error? It appears that the corner of Chouteau avenue and Twenty-first street is frequently mentioned in the evidence as the point at which the car turns to the westward and as being near the corner of Clark avenue and Twenty-first street, where plaintiff was injured—some three or four blocks north. Defendant's Manchester car line runs west from Fourth

street on Market street to Twenty-first street and thence south on Twenty-first street, passing the corner of Clark avenue and Twenty-first street, to the corner of Chouteau avenue, and thence westward on Chouteau avenue. This route of the car and the frequent reference to Chouteau avenue and Twenty-first street in the evidence, no doubt occasioned the confusion resulting in referring to the place or injury as the corner of Chouteau avenue and Twenty-first street.

It is true that an issue of fact should not be submitted to the jury by instruction, as defendant argues, when there is no evidence in the record tending to prove such fact, but, be this as it may, there appears to be no issue touching the matter of the place at which plaintiff received his injuries or as to the fact that he was injured while attempting to board one of defendant's cars. The controverted fact in the case and the issue made related alone to the manner in which the plaintiff received his injuries—that is, whether by defendant's fault in prematurely starting a standing car while plaintiff was in the act of boarding it, or whether he ran after and attempted to board a moving car in circumstances which cast no liability upon defendant for the injuries he received. Touching the matter now under consideration—that is, the place plaintiff received his injuries—no issue appears. Both sides give it in evidence alike that plaintiff was injured through being dragged by defendant's car at the corner of Clark avenue and Twenty-first street.

Obviously, though the instruction incorporates a mistake in treating the point of the injury as the corner of Chouteau avenue and Twenty-first street, such mistake could not have misled the jury, who were fully advised as to the place of the injury and on which both parties agree. We are commanded by the statute that a judgment shall not be reversed unless the court shall believe that error was committed against the appellant materially affecting the merits of the action.

Foster v. United Railways Co.

[Sec. 2082, R. S. 1909.] Though it be the instruction proceeds in a mistaken view as to this matter, it is certain that every mistake or defect in an instruction under the statute above quoted is not reversible error. A mistake or defect in an instruction must be such as to require the reviewing court to believe it affected the substantial rights of the complaining party, in order to constitute reversible error. [Shinn v. United Rys. Co., 248 Mo. 173, 154 S. W. 103.] We do not believe the matter complained of misled the jury or affected the substantial rights of defendant in anywise.

It is argued that plaitniff's second instruction assumed as a fact that defendant's servants started the car while plaintiff was in the act of boarding it, but we are not so persuaded. A mere phrase of this instruction is pointed to in support of the argument advanced. But when such phrase is considered in conjunction with the words which follow it, it is entirely clear that no such assumption of fact appears.

It is argued the court erred in permitting plaintiff to testify to injuries not mentioned in the petition. The testimony complained of is as follows: "Q. You say you still have pain in your shoulder? A. Yes, sir; and I am bothered in my knee, too, yesterday it swelled so when I stood here in court I couldn't hardly keep still; today it don't bother me so bad." The objection is that there is no injury to the knee alleged save a severe laceration, and plaintiff testified to its swollen condition at the time of the trial. Obviously this objection is without merit, for the petition pointedly avers that plaintiff's knee was lacerated as a result of being dragged in the street. It is the rule of decision in this State that one may show such a resulting condition as naturally follows the injury set forth in the petition without special pleading touching such resulting condition—that is to say, one may recover for the effects of an injury, under a general allegation, if the condi-

tion described in evidence is a natural result of the injury set forth in the petition, and this is true though such condition is not a necessary result. [See Moore v. St. Louis Transit Co., 226 Mo. 689, 698-703, 126 S. W. 1013.] Though it be the petition alleged a laceration of the knee only, it is entirely clear that swelling is a natural result of such an injury and, therefore, may be given in evidence without specially pleading it.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.